American Home Assurance Company v. Steven H. Green

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-234-CV

AMERICAN HOME APPELLANT

ASSURANCE COMPANY 

V.

STEVEN H. GREEN APPELLEE

------------

FROM THE 67
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellee Steven H. Green filed a claim for workers’ compensation benefits for an occupational disease, bilateral carpal tunnel syndrome, that he sustained as a baggage handler for American Airlines.  Appellant American Home Assurance Company (American Home), the workers’ compensation insurance provider for American Airlines, appealed to the trial court the Texas Workers’ Compensation Commission (TWCC) appeals panel decision as to Green’s date of injury, and that he provided timely notice to his employer.  Cross motions for summary judgment were filed.  The trial court granted Green’s motion for summary judgment, and denied American Home’s.  American Home now appeals the trial court’s judgment.  Because we hold as a matter of law that Green’s date of injury was October 29, 2002, and that he timely reported his injury to his employer, we also hold that the trial court did not err.  We affirm the trial court’s judgment.

After working as a baggage handler for American Airlines for approximately seven years Green was diagnosed by Dr. Peters with degenerative arthritis in his wrists that would probably require wrist fusion at some point.  Later on April 4, 2002, Green began experiencing pain and numbness in his hands and went to his family physician, Dr. Haefeli.  Dr. Haefeli told Green that the pain and numbness were symptoms of arthritis and prescribed arthritis medication.  Dr. Haefeli told Green to return for follow-up treatment if his symptoms did not subside.  Because the symptoms persisted, Green went back to Dr. Haefeli for follow-up treatment, but because Dr. Haefeli was not available, Green saw an associate, Dr. Garrett.  After examining Green, Dr. Garrett suggested that Green see Dr. Barry, a specialist.  Green’s first appointment with Dr. Barry was October 29, 2002.  At that appointment, Dr. Barry performed a electromyogram, and based on the results of the electromyogram, he diagnosed Green with bilateral carpal tunnel syndrome (CTS) caused by his work at American Airlines.  That same day, October 29, 2002, Green notified his supervisor that he had been diagnosed with bilateral CTS caused by his work at American Airlines.

Green then filed his workers’ compensation claim with the TWCC, which was disputed by American Home.  American Home alleged that Green’s date of injury was April 4, 2002 rather than October 29, 2002 and that he therefore  did not report the injury within thirty days of the date of injury as required by the Labor Code.
(footnote: 2)  At the workers’ compensation hearing, the TWCC officer determined that Green knew or should have known that his injury was an occupational disease related to his employment on April 4, 2002, and thus his notice of injury was not timely reported to his employer.  Green appealed the decision.  The TWCC appeals panel reversed the officer’s decision and rendered the decision that Green’s date of injury was October 29, 2002, and that he did timely report his injury.

American Home then appealed the TWCC appeals panel decision to the trial court.  Both parties filed motions for summary judgment.  Green’s motion for summary judgment alleged that as a matter of law, the date he knew or should have known that his injury was an occupational disease related to employment was October 29, 2002.  American Home’s motion for summary judgment alleged that as a matter of law, the date Green knew or should have known that his injury was an occupational disease related to employment 
was April 4, 2002, and thus he failed to timely report his injury to his employer.  The trial court granted Green’s motion for summary judgment and denied American Home’s.  In two issues, American Home now appeals, arguing that the trial court erred by holding that as a matter of law the date Green knew or should have known that his injury was an occupational disease related to employment 
was October 29, 2002, and that he timely reported his injury to his employer.

In its first issue, American Home argues that because Green was diagnosed with arthritis on April 4, 2002, and because he stated that he always knew that his current condition was caused by his work, April 4, 2002 was the date of injury, and the trial court erred by holding that October 29, 2002 was the date of injury.  We disagree.

Section 408.007 of the Texas Labor Code states that “the date of injury for an occupational disease is the date on which the employee knew or should have known that the disease may be related to the employment.”
(footnote: 3)  Occupational disease is defined as:

a disease arising out of and in the course of employment that causes damage or harm to the physical structure of the body, including a repetitive trauma injury.  The term includes a disease or infection that naturally results from the work-related disease.  
The term does not include an ordinary disease of life to which the general public is exposed outside of employment
, unless that disease is an incident to a compensable injury or occupational disease.
(footnote: 4)

It is well established in TWCC appeals panel decisions that arthritis is an ordinary disease of life, not a compensable injury or occupational disease.
(footnote: 5)  Furthermore, the TWCC appeals panel has stated that knowledge that the work causes pain is not knowledge of a work-related compensable injury.
(footnote: 6)
 In this case, Green did not file a claim for arthritis.  As the appeals panel decision points out, there is no evidence that
 on April 4, 2002, Dr. Haefeli said that the arthritis was work-related.  Green’s 
current condition and claimed injury is bilateral CTS, and neither he nor his physicians were aware that he had bilateral CTS until October 29, 2002.  The record reflects that it was not until he was diagnosed with bilateral CTS that any doctor said he had a work-related condition.  If Green had reported his injury on April 4, 2002, he would have been reporting an arthritis injury that is an ordinary disease of life and generally not compensable.

Additionally, the record reflects that in April, Green knew his work made his hands hurt.  Green, however, did not report that injury because he was told by Dr. H
aefeli
 that he simply had arthritis.  As the appeals panel decision discusses, even if in April Green thought that his then-diagnosed arthritis was somehow work-related, this does not mean that he was required at that time to report the bilateral CTS, which is the currently claimed injury.  Therefore, we cannot hold that Green was required to report 
his compensable injury, bilateral CTS, in April
 2002,
 
when he was told at that time that he had arthritis, a noncompensable ordinary disease of life, and did not know and could not have known before the October 29, 2002 bilateral CTS diagnosis that he had the compensable occupational disease
.

American Home, however, argues that because “the precise name of the disease” should not be equated with the discovery of the disease,
(footnote: 7) Green was required to give notice in April when he became aware that his arthritis was caused by his work.  American Home’s argument that arthritis and CTS are the same injury with simply more than one name is contrary to public knowledge, medical knowledge, and TWCC appeals panel decisions.
(footnote: 8)  Consequently, our review of the record under the proper standard
(footnote: 9) shows that the trial court did not err by holding that as a matter of law Green’s date of injury was October 29, 2002.  We overrule American Home’s first issue.

In its second issue, American Home argues that the trial court erred by holding that as a matter of law Green timely reported his occupational disease to his employer.  We disagree.  American Home concedes that Green provided notice of his injury to his employer on October 29, 2002.  Because we hold that Green’s date of injury was October 29, 2002, Green provided timely notice of his injury.
(footnote: 10)  Consequently, our review of the record under the proper standard
(footnote: 11) shows 
that the trial court did not err by holding that as a matter of law Green provided timely notice of his injury.  We overrule American Home’s second issue.

Conclusion

Having held that the trial court did not err by holding that as a matter of law Green’s date of injury was October 29, 2002, and that Green provided timely notice of his injury to his employer, we affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: DAUPHINOT, HOLMAN, and GARDNER, JJ.

DELIVERED: January 6, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. Lab. Code Ann. 
§ 409.001 (Vernon 1996).

3:
Id
.
 
§ 408.007.

4:
Tex. Lab. Code Ann.
 
§ 401.011(34) (Vernon Supp. 2004-05 )
 
(emphasis added).

5:
See
,
 e.g.
, Appeals Panel No. 031995, 2003 WL 22379039, at *1 (Tex. Workers’ Comp. Comm’n Sept. 11, 2003); Appeals Panel No. 012390, 2001 WL 1510797, at *1 (Tex. Workers’ Comp. Comm’n Nov. 12, 2001); Appeals Panel No. 002266, 2000 WL 33124337, at *2 (Tex. Workers’ Comp. Comm’n Nov. 9, 2000); Appeals Panel No. 001509, 2000 WL 33155971, at *1 (Tex. Workers’ Comp. Comm’n Aug. 9, 2000).

6:
See
 Appeals Panel No. 002012, 2000 WL 1685225, at *2 (Tex. Workers’ Comp. Comm’n Oct. 16, 2000) (stating that the date of first symptoms does not necessarily constitute the date of injury when the claimant was confused about the cause of his pain because his doctor told him that he had arthritis, and that the evidence was sufficient to support a determination that the claimant’s date of injury was the date the claimant’s doctor told him he did not have arthritis).

7:
See Childs v. Haussecker
, 974 S.W.2d 31, 41 (Tex. 1998).

8:
See
,
 e.g.
, Appeals Panel No. 002266, 2000 WL 33124337, at *2 (Tex. Workers’ Comp. Comm’n Nov. 9, 2000); Appeals Panel No. 002012, 2000 WL 1685225, at *2 (Tex. Workers’ Comp. Comm’n Oct. 16, 2000).

9:
See
 
Tex. R. Civ. P.
 166a(c); 
S.W. Elec. Power Co. v. Grant
,
 
73 S.W.3d 211, 215 (Tex. 2002); 
FM Props. Operating Co. v. City of Austin
, 22 S.W.3d 868, 872 (Tex. 2000); 
see also Continental Casualty Co. v. Rivera
, 124 S.W.3d 705, 710 (Tex. App.—Austin 2003, pet. denied) (stating that an administrative agency has the power to interpret its own rules, and its interpretation is entitled to great weight and deference).

10:
See
 
Tex. Lab. Code Ann. 
§ 409.001(a) (Vernon 1996).

11:
See
 
Tex. R. Civ. P.
 166a(c); 
S.W. Elec. Power Co.
, 73 S.W.3d at 215; 
FM Props. Operating Co.
, 22 S.W.3d at 872.