COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-234-CV
 
 
AMERICAN HOME                                                                 APPELLANT
ASSURANCE COMPANY
 
V.
  
STEVEN H. GREEN                                                                   APPELLEE
 
 
------------
 
FROM THE 67TH 
DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellee 
Steven H. Green filed a claim for workers’ compensation benefits for an 
occupational disease, bilateral carpal tunnel syndrome, that he sustained as a 
baggage handler for American Airlines. Appellant American Home Assurance Company 
(American Home), the workers’ compensation insurance provider for American 
Airlines, appealed to the trial court the Texas Workers’ Compensation 
Commission (TWCC) appeals panel decision as to Green’s date of injury, and 
that he provided timely notice to his employer. Cross motions for summary 
judgment were filed. The trial court granted Green’s motion for summary 
judgment, and denied American Home’s. American Home now appeals the trial 
court’s judgment. Because we hold as a matter of law that Green’s date of 
injury was October 29, 2002, and that he timely reported his injury to his 
employer, we also hold that the trial court did not err. We affirm the trial 
court’s judgment.
        After 
working as a baggage handler for American Airlines for approximately seven years 
Green was diagnosed by Dr. Peters with degenerative arthritis in his wrists that 
would probably require wrist fusion at some point. Later on April 4, 2002, Green 
began experiencing pain and numbness in his hands and went to his family 
physician, Dr. Haefeli. Dr. Haefeli told Green that the pain and numbness were 
symptoms of arthritis and prescribed arthritis medication. Dr. Haefeli told 
Green to return for follow-up treatment if his symptoms did not subside. Because 
the symptoms persisted, Green went back to Dr. Haefeli for follow-up treatment, 
but because Dr. Haefeli was not available, Green saw an associate, Dr. Garrett. 
After examining Green, Dr. Garrett suggested that Green see Dr. Barry, a 
specialist. Green’s first appointment with Dr. Barry was October 29, 2002. At 
that appointment, Dr. Barry performed a electromyogram, and based on the results 
of the electromyogram, he diagnosed Green with bilateral carpal tunnel syndrome 
(CTS) caused by his work at American Airlines. That same day, October 29, 2002, 
Green notified his supervisor that he had been diagnosed with bilateral CTS 
caused by his work at American Airlines.
        Green 
then filed his workers’ compensation claim with the TWCC, which was disputed 
by American Home. American Home alleged that Green’s date of injury was April 
4, 2002 rather than October 29, 2002 and that he therefore did not report the 
injury within thirty days of the date of injury as required by the Labor Code.[2]  At the workers’ compensation hearing, the TWCC 
officer determined that Green knew or should have known that his injury was an 
occupational disease related to his employment on April 4, 2002, and thus his 
notice of injury was not timely reported to his employer. Green appealed the 
decision. The TWCC appeals panel reversed the officer’s decision and rendered 
the decision that Green’s date of injury was October 29, 2002, and that he did 
timely report his injury.
        American 
Home then appealed the TWCC appeals panel decision to the trial court. Both 
parties filed motions for summary judgment. Green’s motion for summary 
judgment alleged that as a matter of law, the date he knew or should have known 
that his injury was an occupational disease related to employment was October 
29, 2002. American Home’s motion for summary judgment alleged that as a matter 
of law, the date Green knew or should have known that his injury was an 
occupational disease related to employment was April 4, 2002, and thus he failed 
to timely report his injury to his employer. The trial court granted Green’s 
motion for summary judgment and denied American Home’s. In two issues, 
American Home now appeals, arguing that the trial court erred by holding that as 
a matter of law the date Green knew or should have known that his injury was an 
occupational disease related to employment was October 29, 2002, and that he 
timely reported his injury to his employer.
        In 
its first issue, American Home argues that because Green was diagnosed with 
arthritis on April 4, 2002, and because he stated that he always knew that his 
current condition was caused by his work, April 4, 2002 was the date of injury, 
and the trial court erred by holding that October 29, 2002 was the date of 
injury. We disagree.
        Section 
408.007 of the Texas Labor Code states that “the date of injury for an 
occupational disease is the date on which the employee knew or should have known 
that the disease may be related to the employment.”[3]  
Occupational disease is defined as:
   
a disease arising out of and in the course of employment that causes damage or 
harm to the physical structure of the body, including a repetitive trauma 
injury. The term includes a disease or infection that naturally results from the 
work-related disease. The term does not include an ordinary disease of life 
to which the general public is exposed outside of employment, unless that 
disease is an incident to a compensable injury or occupational disease.[4]
 
It is well established in TWCC 
appeals panel decisions that arthritis is an ordinary disease of life, not a 
compensable injury or occupational disease.[5]  
Furthermore, the TWCC appeals panel has stated that knowledge that the work 
causes pain is not knowledge of a work-related compensable injury.[6]
        In 
this case, Green did not file a claim for arthritis. As the appeals panel 
decision points out, there is no evidence that on April 4, 2002, Dr. Haefeli 
said that the arthritis was work-related. Green’s current condition and 
claimed injury is bilateral CTS, and neither he nor his physicians were aware 
that he had bilateral CTS until October 29, 2002. The record reflects that it 
was not until he was diagnosed with bilateral CTS that any doctor said he had a 
work-related condition. If Green had reported his injury on April 4, 2002, he 
would have been reporting an arthritis injury that is an ordinary disease of 
life and generally not compensable.
        Additionally, 
the record reflects that in April, Green knew his work made his hands hurt. 
Green, however, did not report that injury because he was told by Dr. Haefeli 
that he simply had arthritis. As the appeals panel decision discusses, even if 
in April Green thought that his then-diagnosed arthritis was somehow 
work-related, this does not mean that he was required at that time to report the 
bilateral CTS, which is the currently claimed injury. Therefore, we cannot hold 
that Green was required to report his compensable injury, bilateral CTS, in 
April 2002, when he was told at that time that he had arthritis, a 
noncompensable ordinary disease of life, and did not know and could not have 
known before the October 29, 2002 bilateral CTS diagnosis that he had the 
compensable occupational disease.
        American 
Home, however, argues that because “the precise name of the disease” should 
not be equated with the discovery of the disease,[7] 
Green was required to give notice in April when he became aware that his 
arthritis was caused by his work. American Home’s argument that arthritis and 
CTS are the same injury with simply more than one name is contrary to public 
knowledge, medical knowledge, and TWCC appeals panel decisions.[8]  
Consequently, our review of the record under the proper standard[9] shows that the trial court did not err by holding that as 
a matter of law Green’s date of injury was October 29, 2002. We overrule 
American Home’s first issue.
        In 
its second issue, American Home argues that the trial court erred by holding 
that as a matter of law Green timely reported his occupational disease to his 
employer. We disagree. American Home concedes that Green provided notice of his 
injury to his employer on October 29, 2002. Because we hold that Green’s date 
of injury was October 29, 2002, Green provided timely notice of his injury.[10] Consequently, our review of the record under the proper 
standard[11] shows that the trial court did not err 
by holding that as a matter of law Green provided timely notice of his injury. 
We overrule American Home’s second issue.
Conclusion
        Having 
held that the trial court did not err by holding that as a matter of law 
Green’s date of injury was October 29, 2002, and that Green provided timely 
notice of his injury to his employer, we affirm the trial court’s judgment.
 
 
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
 
  

PANEL B:   DAUPHINOT, 
HOLMAN, and GARDNER, JJ.
 
DELIVERED: January 6, 2005

NOTES
1.  See 
Tex. R. App. P. 47.4.
2.  See 
Tex. Lab. Code Ann. § 409.001 
(Vernon 1996).
3.  Id. 
§ 408.007.
4.  Tex. Lab. Code Ann. § 401.011(34) 
(Vernon Supp. 2004-05 ) (emphasis added).
5.  See, 
e.g., Appeals Panel No. 031995, 2003 WL 22379039, at *1 (Tex. Workers’ 
Comp. Comm’n Sept. 11, 2003); Appeals Panel No. 012390, 2001 WL 1510797, at *1 
(Tex. Workers’ Comp. Comm’n Nov. 12, 2001); Appeals Panel No. 002266, 2000 
WL 33124337, at *2 (Tex. Workers’ Comp. Comm’n Nov. 9, 2000); Appeals Panel 
No. 001509, 2000 WL 33155971, at *1 (Tex. Workers’ Comp. Comm’n Aug. 9, 
2000).
6.  See 
Appeals Panel No. 002012, 2000 WL 1685225, at *2 (Tex. Workers’ Comp. Comm’n 
Oct. 16, 2000) (stating that the date of first symptoms does not necessarily 
constitute the date of injury when the claimant was confused about the cause of 
his pain because his doctor told him that he had arthritis, and that the 
evidence was sufficient to support a determination that the claimant’s date of 
injury was the date the claimant’s doctor told him he did not have arthritis).
7.  See 
Childs v. Haussecker, 974 S.W.2d 31, 41 (Tex. 1998).
8.  See, 
e.g., Appeals Panel No. 002266, 2000 WL 33124337, at *2 (Tex. Workers’ 
Comp. Comm’n Nov. 9, 2000); Appeals Panel No. 002012, 2000 WL 1685225, at *2 
(Tex. Workers’ Comp. Comm’n Oct. 16, 2000).
9.  See 
Tex. R. Civ. P. 166a(c); S.W. 
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002); FM Props. 
Operating Co. v. City of Austin, 22 S.W.3d 868, 872 (Tex. 2000); see also 
Continental Casualty Co. v. Rivera, 124 S.W.3d 705, 710 (Tex. App.—Austin 
2003, pet. denied) (stating that an administrative agency has the power to 
interpret its own rules, and its interpretation is entitled to great weight and 
deference).
10.  See 
Tex. Lab. Code Ann. § 409.001(a) 
(Vernon 1996).
11.  See 
Tex. R. Civ. P. 166a(c); S.W. 
Elec. Power Co., 73 S.W.3d at 215; FM Props. Operating Co., 22 S.W.3d 
at 872.