TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00177-CV






Continental Casualty Company, Appellant


v.


Esther Rivera; Texas Workers' Compensation Commission;

and Leonard Riley in his Official Capacity, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT

NO. GN101192, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING




O P I N I O N



 Continental Casualty Company appeals from the district court's dismissal for want
of jurisdiction of Continental's suit for judicial review. Continental sought review of the Texas
Workers' Compensation Commission's decisions that (i) Continental did not file a timely appeal
with the Commission's appeals panel and (ii) claimant, Esther Rivera, sustained a compensable
injury. For the reasons that follow, we affirm the district court's order of dismissal.


PROCEDURAL BACKGROUND

 The pertinent facts of this case are not in dispute. In the underlying Commission
proceedings, Continental contested Rivera's entitlement to workers' compensation benefits. After
a contested case hearing in El Paso, a Commission hearing officer determined that Rivera was
entitled to benefits. Continental received the hearing officer's decision on January 11, 2000. On
January 21, 2000, Continental mailed to the Commission a request for review of the decision, with
a copy of the request mailed to Rivera on the same day. Rivera received the request on January 26,
2000, and the Commission received the request on February 1, 2000. The Commission appeals
panel determined that Continental's request for review was untimely because it arrived at the
Commission one day after the twenty-day deadline to file the request. See 28 Tex. Admin. Code
§ 143.3 (2003). (1) The appeals panel further determined that, as a result of the untimely filing, the
decision and order of the hearing officer became final. Tex. Lab. Code Ann. § 410.169 (West 1996).

 Continental requested judicial review in an El Paso County district court, seeking a
judgment that Rivera was not entitled to benefits. The court dismissed the case for want of
jurisdiction, with leave to refile the case within sixty days "in a court of proper jurisdiction." 
Continental then filed suit in a Travis County district court. In the Travis County case, Continental
sought a declaration that it had timely filed its request for review with the appeals panel, a mandate
that the appeals panel consider the merits of the request for review, or, in the alternative, a
determination that Rivera did not sustain a compensable injury. Rivera and the Commission filed
pleas to the jurisdiction on the ground that the court had no jurisdiction over a decision of the hearing
officer that was not timely appealed.

 The district court initially granted the pleas to the jurisdiction in part but denied the
pleas as to Continental's causes of action for judicial review under the labor code and declaratory
judgment under section 2001.038 of the government code. Tex. Gov't Code Ann. § 2001.038 (West
2000). Continental filed a motion for clarification of the court's order on the ground that it was
unclear whether the court would determine the merits of the case or only the issue of whether
Continental timely filed its request for review with the appeals panel. The district court then set
aside its order, granted Rivera's and the Commission's pleas to the jurisdiction in full, and dismissed
the case. In the order of dismissal, the court determined that the Commission had correctly
interpreted and applied rule 143.3 concerning deadlines for filing a request for review. 28 Tex.
Admin. Code § 143.3. Continental appeals by two issues, contending that, because the appeals panel
erred in its determination that Continental's request for review was untimely, the district court erred
in granting the pleas to the jurisdiction.


ANALYSIS

Timeliness of Request for Review

 Continental contends in its first issue that the appeals panel erred in determining that
Continental's request for review was untimely. Because our examination of the appeals panel ruling
involves interpretation of an administrative rule, we employ well-settled principles of statutory
construction. Statutory construction is a question of law, which we review de novo. Bragg v.
Edwards Aquifer Auth., 71 S.W.3d 729, 734 (Tex. 2002). We construe the text of an administrative
rule under the same principles as if it were a statute. Texas Gen. Indem. Co. v. Texas Workers'
Comp. Comm'n, 36 S.W.3d 635, 641 (Tex. App.--Austin 2000, no pet.). We bear in mind that an
administrative agency has the power to interpret its own rules, and its interpretation is entitled to
great weight and deference. Id. The agency's construction of its rule is controlling unless it is
plainly erroneous or inconsistent. Id.

 Continental argues that this matter "involves interpretation of Texas Worker's
Compensation Rule 143.3(c)." 28 Tex. Admin. Code § 143.3(c). But we may not view a part of a
rule in isolation when interpreting its meaning. Rather, we must consider the rule as a whole, not
just a single phrase, clause, or sentence thereof. See Southwestern Life Ins. Co. v. Montemayor, 24
S.W.3d 581, 583 (Tex. App.--Austin 2000, pet. denied) (citing Morrison v. Chan, 699 S.W.2d 205,
208 (Tex. 1985)). We must also ensure that the Commission has interpreted the rule to be in
harmony with its enabling statute. Gulf States Utils. Co. v Public Util. Comm'n, 784 S.W.2d 519,
527 n.5 (Tex. App.--Austin 1990), aff'd, 809 S.W.2d 201 (Tex. 1991).

 The statute governing the deadline to request review by the appeals panel states in
pertinent part:

 

To appeal the decision of a hearing officer, a party shall file a written request for
appeal with the appeals panel not later than the 15th day after the date on which the
decision of the hearing officer is received from the division and shall on the same
date serve a copy of the request for appeal on the other party.



Act of May 22, 1993, 73d Leg., R.S., ch. 269, § 1, 1993 Tex. Gen. Laws 987, 1208 (amended 2001)
(current version at Tex. Lab. Code Ann. § 410.202(a) (West Supp. 2003)). Rule 143.3 adds a five-day "mailbox rule" to the fifteen-day filing deadline:


(a) . . . The request shall: . . .


 (3) be filed with the commission's central office in Austin not later than the
15th day after receipt of the hearing officer's decision; and


 (4) be served on the other party on the same day filed with the commission.


 * * *

(c) A request made under this section shall be presumed to be timely filed or timely
served if it is:


 (1) mailed on or before the 15th day after the date of receipt of the hearing
officer's decision, as provided in subsection (a) of this section; and 


 (2) received by the commission or other party not later than the 20th day after
the date of receipt of the hearing officer's decision.



28 Tex. Admin. Code § 143.3(a), (c) (emphasis added).

 Continental, reading rule 143.3(c)(2) in isolation, argues that the language "received
by the commission or other party not later than the 20th day" must be read to mean that timely
receipt of the request by the claimant satisfies all deadlines. Under Continental's reasoning, Rivera's
receipt of the request for review in El Paso would impute notice to the Commission in Austin. We
reject this reading of the rule. Rule 143.3(a) clearly delineates between filing the request for review
with the Commission in Austin and serving a copy of the request on another party. See id.
§ 143.3(a). Rule 143.3(c) repeats the delineation: "timely filed or timely served." Id. § 143.3(c). 
Construing these provisions together, we conclude that timely receipt by the claimant alone does not
suffice to perfect the appeal. Instead, rule 143.3 requires that Continental's request for review must
be filed with and received by the Commission no later than the twentieth day after the date that
Continental received the hearing officer's decision.

 Here, the parties agree that Continental received the hearing officer's decision on
January 11, 2000. The parties further agree that the Commission did not receive Continental's
request for review until February 1, 2000, twenty-one days after Continental received the decision. 
Construing rule 143.3 as a whole, we conclude that Continental's request for review was untimely
because the Commission received the request one day after the twenty-day deadline for receipt. 
Accordingly, we overrule Continental's first issue.


Plea to the Jurisdiction

 Continental contends in its second issue that the district court erred in granting the
appellees' pleas to the jurisdiction. A plea to the jurisdiction contests the district court's subject
matter jurisdiction. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000); see also Texas
Dep't of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999). Because subject matter jurisdiction poses
a question of law, we review rulings on a plea to the jurisdiction de novo. See Mayhew v. Town of
Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998).

 The plaintiff bears the burden of pleading facts that show the district court has subject
matter jurisdiction; therefore, to determine whether a plaintiff has affirmatively demonstrated the
court's jurisdiction to hear the cause, we should "consider the facts alleged by the plaintiff and, to
the extent it is relevant to the jurisdictional issue, the evidence submitted by the parties." See Texas
Dep't of Crim. Justice v. Miller, 51 S.W.3d 583, 587 (Tex. 2001) (quoting Texas Natural Res.
Conservation Comm'n v. White, 46 S.W.3d 864, 868 (Tex. 2001)); Brannon v. Pacific Employers
Ins. Co., 224 S.W.2d 466, 469 (Tex. 1949). The nature of the issues raised in the plea determines
the scope of the court's focus; this means we may look beyond the pleadings and are required to do
so when necessary to resolve the jurisdictional issues raised. Bland Indep. Sch. Dist., 34 S.W.3d at
555. Unless the defendant pleads and proves that the plaintiff's allegations were fraudulently made
to confer jurisdiction or the face of the petition affirmatively demonstrates a lack of jurisdiction, the
district court must liberally construe the plaintiff's allegations in favor of jurisdiction. See
Continental Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 449 (Tex. 1996); Peek v. Equipment
Serv. Co. of San Antonio, 779 S.W.2d 802, 804 (Tex. 1989).

 No right of judicial review of agency action exists unless a statute provides for such
review, or the action adversely affects a vested property right or otherwise violates a constitutional
right. Continental Cas. Ins. Co. v. Functional Restoration Assocs., 19 S.W.3d 393, 397 (Tex. 2000)
(citing Stone v. Texas Liquor Control Bd., 417 S.W.2d 385, 385-86 (Tex. 1967)). Continental does
not claim that the Commission's action violated a constitutional right. Continental's petition sought
judicial review of the Commission's actions through four statutory avenues: (1) review of the
appeals panel decision under sections 410.251, 410.255, and 410.301 of the labor code; (2) statutory
interpretation under section 2001.038 of the government code and the Uniform Declaratory
Judgments Act (UDJA); (3) mandamus relief under section 15.014 of the civil practice and remedies
code; and (4) suspension of the deadline for seeking judicial review under section 16.064 of the civil
practice and remedies code. We will thus determine whether any of these routes was sufficient to
invoke the district court's jurisdiction.

 We will first examine Continental's request for judicial review under sections
410.251, 410.255, and 410.301 of the labor code. See Tex. Lab. Code Ann. §§ 410.251, .255, .301
(West 1996). Section 410.251, entitled "Exhaustion of Remedies," provides that a "party that has
exhausted its administrative remedies and is aggrieved by a final decision of the appeals panel may
seek judicial review" under the methods provided for in subchapters F and G of the labor code. Id.
§ 410.251. This exhaustion of remedies requirement applies to sections 410.255, in subchapter F,
and 410.301, in subchapter G. Id. §§ 410.255, .301; see Functional Restoration Assocs., 19 S.W.3d
at 398 (stating that section 410.251 provides the right of judicial review; sections 410.255 and
410.301 provide the manner of judicial review). Through section 410.301, "judicial review of issues
regarding compensability or income or death benefits," Continental sought review of the hearing
officer's decision that Rivera sustained a compensable injury. See id. § 410.301. Through section
410.255, "judicial review of issues other than compensability or income or death benefits,"
Continental sought review of the appeals panel's determination that Continental's request for review
was untimely. See id. § 410.255.

 Continental contends that it has satisfied both of the requirements for seeking judicial
review under section 410.251. We disagree. Obtaining judicial review under section 410.251
requires exhaustion of remedies. See id. § 410.251. Included in the scheme for exhaustion of
remedies is a timely request to the appeals panel for review of the hearing officer's decision. See id.
§ 410.202; 28 Tex. Admin. Code § 143.3. Continental's request for review to the appeals panel was
untimely; thus, Continental failed to exhaust its administrative remedies. Because Continental did
not satisfy one of the requirements for judicial review under section 410.251, the district court was
without jurisdiction to review Continental's causes of action brought under sections 410.251,
410.255, and 410.301 of the labor code.

 Continental additionally sought review of the appeals panel decision by way of a
request for declaratory relief under the UDJA and section 2001.038 of the government code, to
"declare the rights between the parties with respect to [rule 143.3]." See Tex. Civ. Prac. & Rem.
Code Ann. §§ 37.001-.011 (West 1997 & Supp. 2003); Tex. Gov't Code Ann. § 2001.038 (West
2000). Section 2001.038(a) of the government code provides that the "validity or applicability of
a rule . . . may be determined in an action for declaratory judgment if it is alleged that the rule . . .
interferes with or impairs . . . a legal right or privilege of the plaintiff." Tex. Gov't Code Ann.
§ 2001.038(a). Section 37.003(a) of the UDJA provides that a "court of record within its jurisdiction
has power to declare rights, status, and other legal relations whether or not further relief is or could
be claimed." Tex. Civ. Prac. & Rem. Code Ann. § 37.003(a) (West 1997).

 A declaratory judgment action under the UDJA is available if (1) a justiciable
controversy exists and (2) the controversy can be resolved by court declaration. Bonham State Bank
v. Beadle, 907 S.W.2d 465, 467 (Tex. 1995) (citing Texas Ass'n of Bus. v. Texas Air Control Bd.,
852 S.W.2d 440, 446 (Tex. 1993)). However, the UDJA does not establish subject matter
jurisdiction. A declaratory judgment action is merely a procedural device for deciding matters
already within a court's subject matter jurisdiction. State v. Morales, 869 S.W.2d 941, 947 (Tex.
1994); Texas Ass'n of Bus., 852 S.W.2d at 444. The UDJA does not itself confer jurisdiction or
substantive rights, and it cannot change the basic character of a lawsuit. Morales, 869 S.W.2d at
947. Continental's request for declaratory relief will be viable only if it is germane to a justiciable
controversy already within the district court's jurisdiction.

 We thus turn to whether Continental invoked the jurisdiction of the district court in
its request for mandamus relief under section 15.014 of the civil practice and remedies code. This
section provides that an "action for mandamus against the head of a department of the state
government shall be brought in Travis County." Tex. Civ. Prac. & Rem. Code Ann. § 15.014 (West
2002). Mandamus is an extraordinary remedy that is available only to correct a clear abuse of
discretion or the violation of a duty imposed by law when there is no adequate remedy at law. See
In re Masonite, 997 S.W.2d 194, 197 (Tex. 1999) (citing Walker v. Packer, 827 S.W.2d 833, 840-41
(Tex. 1992)). The relator has a heavy burden of demonstrating that it is entitled to the relief
requested. Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex. 1994).

 Continental requested in its petition that the district court mandate "that the Appeals
Panel consider the merits of the Request for Review." Continental argues, without citing authority
other than section 15.014, that the "Travis County District Court clearly has mandatory jurisdiction
in this type of suit." But section 15.014 only states that venue is mandatory in Travis County. See
Tex. Civ. Prac. & Rem. Code Ann. § 15.014 ("action . . . shall be brought in Travis County"). 
Whether the district court had jurisdiction to hear the mandamus action is a separate question.

 It is well established that mandamus will not lie where a petitioner has another clear
and effective remedy, adequate to obtain the relief to which he may be entitled. Here, the workers'
compensation act provides for appeals panel review of a hearing officer's decision. Continental
failed to avail itself of that remedy because its request for review to the appeals panel was untimely. 
When a petitioner fails to exhaust administrative remedies, as did Continental here, the district court
is without jurisdiction to grant mandamus relief. See Employees Ret. Sys. v. McDonald, 551 S.W.2d
534, 536 (Tex. Civ. App.--Austin 1977, writ ref'd).

 Finally, Continental urges that section 16.064 of the civil practice and remedies code
"saves" its suit from dismissal for lack of jurisdiction. Tex. Civ. Prac. & Rem. Code Ann. § 16.064
(West 1997). Continental initially requested judicial review in an El Paso County district court,
which dismissed the case for want of jurisdiction with leave to refile the case within sixty days.
Continental then sought judicial review in Travis County, in part under section 16.064, which reads
as follows:



 The period between the date of filing an action in a trial court and the date of a
second filing of the same action in a different court suspends the running of the
applicable statute of limitations for the period if:




 
 because of lack of jurisdiction in the trial court where the action was first
filed, the action is dismissed . . .; and

 not later than the 60th day after the date of dismissal . . . becomes final, the
action is commenced in a court of proper jurisdiction.


 


Id. (emphasis added). The provision, "designed to protect litigants from the running of limitations
in certain circumstances," Vale v. Ryan, 809 S.W.2d 324, 326 (Tex. App.--Austin 1991, no writ),
tolls the statute of limitations for up to sixty days until suit is refiled in a court of proper
jurisdiction. (2) Section 16.064 does not confer jurisdiction on the district court.

 Because none of Continental's causes of action invoked the jurisdiction of the district
court, we overrule Continental's second issue and affirm the district court's dismissal of
Continental's suit for want of jurisdiction.


CONCLUSION

 Rule 143.3 requires that Continental's request for review by a Commission appeals
panel must have been filed with and received by the Commission no later than the twentieth day after
the date that Continental received the hearing officer's decision. 28 Tex. Admin. Code § 143.3. 
Because the Commission did not receive Continental's request for review until the twenty-first day,
Continental's request for review was untimely. Continental therefore failed to exhaust its
administrative remedies and cannot obtain jurisdiction for judicial review through sections 410.251,
410.255, and 410.301 of the labor code. See Tex. Lab. Code Ann. §§ 410.251, .255, .301.

 Furthermore, Continental failed to invoke the jurisdiction of the district court through
its actions for declaratory and mandamus relief. Continental's request for declaratory relief did not
itself confer jurisdiction. Morales, 869 S.W.2d at 947. The court was further without jurisdiction
to grant Continental's request for mandamus relief because Continental failed to exhaust its
administrative remedies. Additionally, Continental's request for relief by way of section 16.064 of
the civil practice and remedies code did not confer jurisdiction on a court; that provision only
suspended the running of a statute of limitations. Tex. Civ. Prac. & Rem. Code Ann. § 16.064. 
Because none of Continental's causes of action invoked the jurisdiction of the district court, we
affirm the district court's dismissal of Continental's suit.



 __________________________________________

 Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: November 6, 2003
1. Because the applicable provisions of rule 143.3 have not changed since the subject of this
suit arose, we will cite the current version of the rule for convenience.
2. Although no one contends that Continental's request for judicial review was untimely, we
note that section 16.064 will not toll the running of limitations in proceedings created by statute to
enforce statutory rights, such as statutory review of workers' compensation proceedings. Gutierrez
v. Lee, 812 S.W.2d 388, 392 (Tex. App.--Austin 1991, writ denied).