TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-05-00309-CV






TPCIGA, for Reliance National Indemnity Company, Appellant


v.


Magdalena Ford Morrison a/n/f of Eric Ford, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY

NO. 280491, HONORABLE DAVID PHILLIPS, JUDGE PRESIDING





O P I N I O N




 The issue presented is how long workers' compensation death benefits are payable
to a deceased employee's minor, dependent stepchild. Texas Property & Casualty Insurance
Guaranty Association (TPCIGA), representing an impaired workers' compensation carrier, (1) contends
that because Eric Ford is a dependent, benefits are limited to 364 weeks pursuant to the Texas
Workers' Compensation Act (the Act). See Tex. Lab. Code Ann. § 408.183(e)(2)(B) (West 2006). 
Magdalena Ford Morrison, as next friend of Eric Ford, contends that as a minor Eric is entitled to
receive benefits until he is 18 years of age, or if he enrolls as a full-time student at an accredited
educational institution, until he is 25 years of age. See id. § 408.183(c), (d); 28 Tex. Admin. Code
§ 132.8(b). (2) 

 After the Texas Workers' Compensation Commission (3) ruled that Eric was only
entitled to death benefits for 364 weeks, Morrison appealed to the Travis County court at law. On
stipulated facts, the parties filed cross-motions for summary judgment. The court reversed the
Commission's decision and granted summary judgment in favor of Morrison, denying TPCIGA's
summary-judgment motion. We hold that because Eric is a child who was a minor at the time of the
insured employee's death, he was entitled to receive benefits until age 18, or until age 25 so long as
he met the requirements of section 408.183(d). 


BACKGROUND


 The parties submitted the following agreed statement of facts to the trial court under
Texas Rule of Civil Procedure 263:


A. All terms used herein are meant to have their common usage unless defined in
the Texas Labor Code (the Act), in which case the definition in the Act is to be
understood to reflect the intent of the parties. The parties agree and stipulate to
the following facts:


B. Deceased, Wayne Darlington, died in the course and scope of his employment
on April 2, 1996, and is the "claimant" in this case.


C. Wayne Darlington died as a result of a compensable injury.


D. At the time of his death, Wayne Darlington was married, through a common-law
marriage to Magdalena Ford.


E. Eric Ford is the son of Ms. Magdalena Ford from a prior marriage.


F. Eric Ford was not adopted by Wayne Darlington.


G. Eric Ford was born on . . ., and is therefore a minor.


H. Eric Ford was Wayne Darlington's dependent stepson at the time of Wayne
Darlington's death.


I. Death benefits were paid to Eric Ford as a proper legal beneficiary of the
claimant.


J. Eric Ford's death benefits were discontinued after 364 weeks, rather than
continuing until his eighteenth birthday or until his twenty-fifth birthday if he
were a full-time student.



See Tex. R. Civ. P. 263. Wayne Darlington was an employee of Allstate, Inc., at the time of his
death. Reliance National Indemnity Company was the carrier that insured Allstate. Because of its
impairment, TPCIGA is responsible for discharging Reliance's policy obligations. See Tex. Ins.
Code Ann. art. 21.28-C, § 8(b) (West Supp. 2005).

 TPCIGA and Morrison filed cross-motions for summary judgment. Following a
hearing, the trial court denied TPCIGA's summary judgment motion and granted summary judgment
in favor of Morrison without stating the grounds for its ruling. The court's final judgment states:

After considering the motions and argument of counsel, and upon consideration of
same, the Court ruled that Plaintiff's Cross Motion for Summary Judgment should
be GRANTED and Defendant's Motion for Summary Judgment should be
DENIED. It is therefore, 


ORDERED, ADJUDGED AND DECREED that Eric Ford shall be awarded death
benefits until he attains the age of 18, or if at that time is enrolled as a full-time
student in an accredited education institution, until the earliest of:


(1) the date he ceases, for a second consecutive semester, to be enrolled as a full-time student in an accredited educational institution;


(2) the date he attains the age of 25; or 


(3) the date he dies.



 This appeal followed.


ANALYSIS


 On appeal, TPCIGA argues that the "sole reason" for Eric's death benefits eligibility
was his status as Darlington's dependent and that the court's judgment improperly interpreted section
408.183 of the Act and Commission rule 132.8. See Tex. Lab. Code Ann. § 408.183(e)(2)(b); 28
Tex. Admin. Code § 132.8(f)(2).

 Morrison contends that the Act's specific definition of "child" includes a dependent
stepchild such as Eric and applies whenever the term "child" appears in any subsequent provision. 
She then notes that TPCIGA stipulated that Eric was a minor at the time of Darlington's death. 
Therefore, she insists that the court correctly determined Eric's continued eligibility for death
benefits as a minor child. See Tex. Lab. Code Ann. §§ 401.011(7) (West 2006); (4) 408.182(f)(1)
(West 2006); (5) 408.183(c), (d); City of Austin v. Southwestern Bell Tel. Co., 92 S.W.3d 434, 442
(Tex. 2002) (specific statutory definition controls over ordinary meaning of defined word). 


Standard of Review 

 The record shows that the parties filed an agreed statement of facts and submitted this
case to the county court at law "in accordance with Texas Rule of Civil Procedure 263." See Tex.
R. Civ. P. 263. Because the parties filed an agreed statement containing "all the relevant facts of the
case," the issue on appeal involves a question of law, and we review the trial court's judgment de
novo. C&G, Inc. v. Jones, 165 S.W.3d 450, 453 (Tex. App.--Dallas 2005, pet. denied); see also
Tex. R. Civ. P. 263. An agreed statement of facts under rule 263 is "similar to a special verdict; it
is the parties' request for judgment under the applicable law." C&G, Inc., 165 S.W.3d at 453
(quoting State Farm Lloyds v. Kessler, 932 S.W.2d 732, 735 (Tex. App.--Fort Worth 1996, writ
denied)); Abbott v. Blue Cross & Blue Shield of Tex., Inc., 113 S.W.3d 753, 757 (Tex. App.--Austin
2003, pet. denied). In these cases, the only issue on appeal is whether the trial court properly applied
the law to the agreed facts. C&G, Inc., 165 S.W.3d at 453 (quoting Kessler, 932 S.W.2d at 735);
Abbott, 113 S.W.3d at 757. Stipulations in an agreed case are binding on the parties, the trial court,
and the reviewing court. Travelers Indem. Co. v. Starkey, 157 S.W.3d 899, 904 (Tex. App.--Dallas
2005, pet. denied).

 Our review requires analysis of the provisions of the Act and the administrative code. 
The goal of statutory construction is to give effect to legislative intent. Continental Cas. Co. v.
Downs, 81 S.W.3d 803, 805 (Tex. 2002). Unless a statute is ambiguous, we discern that intent from
the language of the statute itself. Id.; see also Tex. Gov't Code Ann. § 311.011(a) (West 2005). 
Regardless of whether the statute is ambiguous, we may consider the object sought to be attained,
the circumstances under which the statute was enacted, the legislative history, the common law or
former statutory provisions, the consequences of a particular construction, the administrative
construction of the statute, and the title (caption), preamble, and emergency provision. Tex. Gov't
Code Ann. § 311.023 (West 2005). Further, we consider the statute as a whole, not its provisions
in isolation. Downs, 81 S.W.3d at 805.

 We construe administrative rules, which have the same force as statutes, in the same
manner as statutes. Rodriguez v. Service Lloyds Ins. Co., 997 S.W.2d 248, 254 (Tex. 1999). We
must ensure that the agency has interpreted its rule in harmony with its enabling statute. Continental
Cas. Co. v. Rivera, 124 S.W.3d 705, 710 (Tex. App.--Austin 2003, pet. denied).


Child's Death Benefits Under Act and Commission Rules

 "Child" and "Eligible Child"

 One's status as a child is a function of one's relationship to the parent, not one's age;
under the Act, the term "child" includes a biological son or daughter, an adopted child, or a stepchild
who was financially dependent (6) on the deceased employee. Tex. Lab. Code Ann. § 401.011(7). 
However, an adult child is not eligible for death benefits unless she is a full-time student (up to the
age of 25), or is disabled, or is still financially dependent on the parent for some other reason. Id.
§ 408.182(f)(1).

 An "eligible child" is also defined in the Act:


(f) In this section:


 (1) "Eligible child" means a child of a deceased employee if the child is:


 (A) a minor;


 (B) enrolled as a full-time student in an accredited educational institution 
and is less than 25 years of age; or


 (C) a dependent of the deceased employee at the time of the employee's
death.



Id. § 408.182(f)(1). 

 Because the definition of "child" in section 401.011(7) of the Act includes only a
stepchild "who is a dependent of the employee," TPCIGA ignores the alternative definition of
"eligible child" as a minor and argues that Eric is an "eligible child" solely because he was a
dependent of Darlington. Id. §§ 401.011(7), 408.182(f)(1)(C). We disagree. As a "child" of
Darlington, Eric was eligible for benefits because he was a minor.

 Eric's classification as a "child," for purposes of the Act, was based on his status as
Darlington's dependent stepchild; his eligibility for death benefits was not based on his being a
dependent but on his being a minor. Eric is a "child" under section 401.011(7) because, according
to the stipulation, he was Darlington's dependent stepson. See id. § 401.011(7). There is nothing
in section 408.182's plain language to suggest that a dependent stepchild, such as Eric, should be
treated differently than any other "child" who is eligible for death benefits. In fact, the opposite is
true. Section 408.182(f)(1) states that an "eligible child" is any "child" who is either a minor, a full-time student who is less than 25 years of age, or a dependent of the deceased employee at the time
of the employee's death. Id. § 408.182(f)(1)(A)-(C). Section 408.182(f)(1) simply uses the
statutorily defined term "child," and does not distinguish between an adopted child, a biological
child, or a dependent stepchild. Any minor child's eligibility for benefits is governed by section
408.182(f)(1)(A). Id. On the other hand, the Act does not discriminate between the eligibility of a
minor child and an adult child. A child who was no longer a minor on the date of an employee's
death is not eligible for death benefits unless that child (1) is under 25 years of age and is enrolled
as a full-time student at an accredited educational institution or (2) continued to be financially
dependent as an adult based on a disability or for some other reason. Id.

 It is suggested that a child may be considered an eligible child by simultaneously
meeting more than one condition of eligibility under section 408.182(f)(1). However, it is unlikely
that the legislature intended to render ineffective section 408.183 pertaining to the duration a child
is to receive death benefits. See Tex. Gov't Code Ann. § 311.021(4) (West 2005) ("In enacting a
statute, it is presumed that a result feasible of execution is intended."). The period of duration
specified in section 408.183 varies based upon the reason for eligibility:


(c) A child who is eligible for death benefits because the child is a minor on the
date of the employee's death is entitled to receive benefits until the child attains
the age of 18.


(d) A child eligible for death benefits under Subsection (c) who at age 18 is enrolled
as a full-time student in an accredited educational institution or a child who is
eligible for death benefits because on the date of the employee's death the child
is enrolled as a full-time student in an accredited educational institution is
entitled to receive or to continue to receive, as appropriate, benefits until the
earliest of:


 (1) the date the child ceases, for a second consecutive semester, to be enrolled
as a full-time student in an accredited educational institution;


 (2) the date the child attains the age of 25; or


 (3) the date the child dies.


(e) A child who is eligible for death benefits because the child is a dependent of the
deceased employee on the date of the employee's death is entitled to receive
benefits until the earlier of:


 (1) the date the child dies; or


 (2) if the child is dependent:


 (A) because the child is an individual with a physical or mental disability,
the date the child no longer has the disability; or


 (B) because of a reason other than a physical or mental disability, the date
of the expiration of 364 weeks of death benefit payments.



Id. § 408.183 (c)-(e) (emphasis added). If the three eligibility categories were overlapping rather
than exclusive, it would be impossible to determine how long a child who is both a minor and a
dependent would receive death benefits. Compare id. § 408.182(f)(1)(A) with § 408.182(f)(1)(C). 
No such confusion results if we interpret section 408.182(f)(1) as setting forth three exclusive sets
of eligibility for death benefits. The first set includes all minor children. See id. § 408.182(f)(1)(A). 
The second set includes all non-minor children who are less than twenty-five years of age and
enrolled as full-time students at accredited educational institutions. See id. § 408.182(f)(1)(B). The
third set consists of all children who were not minors but remained dependent on a deceased
employee at the time of the employee's death. See id. § 408.182(f)(1)(C).

 The Commission's rule pertaining to a child's eligibility to receive death benefits is
consistent with this reading that the three sets of eligibility for a child are exclusive and do not
overlap. See 28 Tex. Admin. Code § 132.4 (2006). The Texas Register reflects the Commission's
intent because it contains notice of the rule when proposed, the Commission's explanation of the
rule, and any response to public comment about the rule. See Rodriguez, 997 S.W.2d at 254. The
preamble to Commission rule 132.4 in the Texas Register clarifies the intended meaning of the rule:
"The new section [132.4] sets out how a person must prove that he or she was a child of the deceased
worker, and that a child who is not a minor, but a dependent, full-time student, or handicapped child
must also submit proof to receive death benefits." 15 Tex. Reg. 5005 (1990), adopted 15 Tex. Reg.
7023 (1990) (codified at 28 Tex. Admin. Code § 132.4) (emphasis added). The Commission's
appeals panel also concluded, "An eligible child, pursuant to Act [section] 408.182(f), can fit into
one of three categories: a minor, an under-25 student, or a dependent at the time of death." Texas
Workers' Comp. Comm'n, No. 033232-s, 2004 TX Wrk. Comp. LEXIS 142, at *6 (January 29,
2004) (emphasis added).

 We hold that the trial court did not err in concluding that Eric is a child who is
eligible to receive death benefits because he was a minor.


 Duration of Death Benefits

 TPCIGA insists that even as a minor Eric is only eligible for benefits because he was
Darlington's dependent, and because he does not suffer from any physical or mental disability,
section 408.183(e)(2)(B) limits his death benefits to 364 weeks. Tex. Lab. Code Ann.
§ 408.183(e)(2)(B). TPCIGA relies on the decision of the Commission's appeals panel affirming
the hearing officer's decision to support its reading of the statute. Texas Workers' Comp. Comm'n,
No. 033232-s, 2004 TX Wrk. Comp. LEXIS 142, at *7-8. That panel cited its 1994 ruling that
stepchildren who failed to prove their dependency status are not entitled to death benefits and its
2000 ruling that "a nonbiological or non-adoptive child of an injured worker may only recover
benefits if that person is a dependent stepchild of the deceased." Id. at *4-6. The panel's 1994 and
2000 rulings simply held that a stepchild who did not carry his burden of establishing that he was
a dependent was not a "child" and a party who is not a "child" is not eligible to receive death benefits
under the Act. Tex. Lab. Code Ann. § 408.182(f)(1). In this case, however, it was stipulated that
Eric was a dependent and the Commission does not dispute that he is a child under the Act. The
issue here is not whether Eric is eligible to receive benefits but how long he is entitled to receive
benefits. The 1994 and 2000 rulings do not support the panel's ruling that Eric was eligible for death
benefits as a dependent, rather than as a minor child.

 Under our construction of sections 408.182 and 408.183, Eric's status as Darlington's
dependent is only relevant in determining his status as a child. As a child, he is "eligible" to receive
benefits because he was a minor at the time of Darlington's death. There is nothing in the language
of sections 408.182 and 408.183 to suggest that certain types of children, such as dependent
stepchildren, are to be treated differently than other children. Accordingly, once it is established that
Eric is a minor and a child, then he must be treated like any other minor child. The statute assumes
that all minor children are dependent; every minor child's eligibility is governed by section
408.182(f)(1)(A), and the duration of his benefits is governed by section 408.183(c) and (d). Our
construction does not render section 408.183(e) meaningless, it merely limits its application to non-minor, dependent children.

 Eric is eligible to receive death benefits because he is a child who was a minor on the
date of Darlington's death. Accordingly, the trial court correctly applied section 408.183 when it
determined that:


Eric Ford shall be awarded death benefits until he attains the age of 18, or if at that
time [he] is enrolled as a full-time student in an accredited education institution, until
the earliest of:


(1) the date he ceases, for a second consecutive semester, to be enrolled as a full-time student in an accredited educational institution;


(2) the date he attains the age of 25; or 


(3) the date he dies.



See id. § 408.183(c)-(d). 


CONCLUSION


 Having found that the county court at law correctly applied the law to the stipulated
facts in this case, we affirm the judgment in Morrison's favor.



 

 Jan P. Patterson, Justice

Before Justices B. A. Smith, Patterson and Puryear

Affirmed

Filed: May 12, 2006
1. Reliance National Insurance Company is an impaired carrier as defined in the insurance
code. See Tex. Ins. Code Ann. art. 21.28-C, § 5(9) (West Supp. 2005). Because of the impairment,
Texas Property & Casualty Insurance Guaranty Association is responsible for discharging Reliance's
policy obligations. See id. § 8(b). We cite the current subsections of article 21.28-C because the
"impaired carrier" definition and TPCIGA's duty to "discharge the policy obligations of the impaired
insurer" are unchanged from the subsections in effect when suit was filed.
2. We cite the current section of the statute and administrative rule because there have not
been substantive changes to them since suit was filed. See Act of May 12, 1993, 73d Leg., R.S., ch.
269, § 1, sec. 408.183(c)-(d), 1993 Tex. Gen. Laws 987, 1189-90 (amended 2005) (current version
at Tex. Lab. Code Ann. § 408.183(c)-(d) (West 2006)); compare 28 Tex. Admin. Code § 132.8(b)
(2004) with 28 Tex. Admin. Code § 132.8(b) (2006).
3. The Texas Workers' Compensation Commission was abolished as of September 1, 2005,
and its functions were assumed by the division of workers compensation within the Texas
Department of Insurance. See Tex. Lab. Code Ann. § 402.001 (West 2006). Since the underlying
dispute began prior to the reorganization, all references in this opinion are to the Texas Workers'
Compensation Commission.
4. We cite the current section of the statute because there has not been any substantive change
to it since suit was filed. See Act of May 12, 1993, 73d Leg., R.S., ch. 275, § 1, sec. 401.011(7),
2003 Tex. Gen. Laws 987, 1131 (amended 2005) (current version at Tex. Lab. Code Ann.
§ 401.011(7) (West 2006)).
5. We cite the current section of the statute because there has not been any substantive change
to it since suit was filed. See Act of May 12, 1993, 73rd Leg., R.S., ch. 269, § 1, sec.
408.182(f)(1)(C), 1993 Tex. Gen. Laws 987, 1189 (amended 2005) (current version at Tex. Lab.
Code Ann. § 408.182(f)(1)(C) (West 2006)).
6. The term "dependent" is defined as "an individual who receives a regular or recurring
economic benefit that contributes substantially to the individual's welfare and livelihood if the
individual is eligible" for the distribution of death benefits. Tex. Lab. Code Ann. § 401.011(14)
(West 2006).