# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00309-CV

**TPCIGA, for Reliance National Indemnity Company, Appellant**

**v.**

**Magdalena Ford Morrison a/n/f of Eric Ford, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. 280491, HONORABLE DAVID PHILLIPS, JUDGE PRESIDING

## O P I N I O N

The issue presented is how long workers' compensation death benefits are payable to a deceased employee's minor, dependent stepchild. Texas Property & Casualty Insurance Guaranty Association (TPCIGA), representing an impaired workers' compensation carrier,[1] contends that because Eric Ford is a dependent, benefits are limited to 364 weeks pursuant to the Texas Workers' Compensation Act (the Act). *See* Tex. Lab. Code Ann. § 408.183(e)(2)(B) (West 2006). Magdalena Ford Morrison, as next friend of Eric Ford, contends that as a minor Eric is entitled to

---

[1] Reliance National Insurance Company is an impaired carrier as defined in the insurance code. *See* Tex. Ins. Code Ann. art. 21.28-C, § 5(9) (West Supp. 2005). Because of the impairment, Texas Property & Casualty Insurance Guaranty Association is responsible for discharging Reliance's policy obligations. *See id.* § 8(b). We cite the current subsections of article 21.28-C because the "impaired carrier" definition and TPCIGA's duty to "discharge the policy obligations of the impaired insurer" are unchanged from the subsections in effect when suit was filed.

receive benefits until he is 18 years of age, or if he enrolls as a full-time student at an accredited educational institution, until he is 25 years of age. *See id*. § 408.183(c), (d); 28 Tex. Admin. Code § 132.8(b).[2]

After the Texas Workers' Compensation Commission[3] ruled that Eric was only entitled to death benefits for 364 weeks, Morrison appealed to the Travis County court at law. On stipulated facts, the parties filed cross-motions for summary judgment. The court reversed the Commission's decision and granted summary judgment in favor of Morrison, denying TPCIGA's summary-judgment motion. We hold that because Eric is a child who was a minor at the time of the insured employee's death, he was entitled to receive benefits until age 18, or until age 25 so long as he met the requirements of section 408.183(d).

## BACKGROUND

The parties submitted the following agreed statement of facts to the trial court under Texas Rule of Civil Procedure 263:

> A. All terms used herein are meant to have their common usage unless defined in the Texas Labor Code (the Act), in which case the definition in the Act is to be

---

[2] We cite the current section of the statute and administrative rule because there have not been substantive changes to them since suit was filed. *See* Act of May 12, 1993, 73d Leg., R.S., ch. 269, § 1, sec. 408.183(c)-(d), 1993 Tex. Gen. Laws 987, 1189-90 (amended 2005) (current version at Tex. Lab. Code Ann. § 408.183(c)-(d) (West 2006)); *compare* 28 Tex. Admin. Code § 132.8(b) (2004) *with* 28 Tex. Admin. Code § 132.8(b) (2006).

[3] The Texas Workers' Compensation Commission was abolished as of September 1, 2005, and its functions were assumed by the division of workers compensation within the Texas Department of Insurance. *See* Tex. Lab. Code Ann. § 402.001 (West 2006). Since the underlying dispute began prior to the reorganization, all references in this opinion are to the Texas Workers' Compensation Commission.

understood to reflect the intent of the parties. The parties agree and stipulate to the following facts:

B.  Deceased, Wayne Darlington, died in the course and scope of his employment on April 2, 1996, and is the "claimant" in this case.

C.  Wayne Darlington died as a result of a compensable injury.

D.  At the time of his death, Wayne Darlington was married, through a common-law marriage to Magdalena Ford.

E.  Eric Ford is the son of Ms. Magdalena Ford from a prior marriage.

F.  Eric Ford was not adopted by Wayne Darlington.

G.  Eric Ford was born on . . ., and is therefore a minor.

H.  Eric Ford was Wayne Darlington's dependent stepson at the time of Wayne Darlington's death.

I.  Death benefits were paid to Eric Ford as a proper legal beneficiary of the claimant.

J.  Eric Ford's death benefits were discontinued after 364 weeks, rather than continuing until his eighteenth birthday or until his twenty-fifth birthday if he were a full-time student.

*See* Tex. R. Civ. P. 263. Wayne Darlington was an employee of Allstate, Inc., at the time of his death. Reliance National Indemnity Company was the carrier that insured Allstate. Because of its impairment, TPCIGA is responsible for discharging Reliance's policy obligations. *See* Tex. Ins. Code Ann. art. 21.28-C, § 8(b) (West Supp. 2005).

TPCIGA and Morrison filed cross-motions for summary judgment. Following a hearing, the trial court denied TPCIGA's summary judgment motion and granted summary judgment in favor of Morrison without stating the grounds for its ruling. The court's final judgment states:

After considering the motions and argument of counsel, and upon consideration of same, the Court ruled that Plaintiff's Cross Motion for Summary Judgment should be **GRANTED** and Defendant's Motion for Summary Judgment should be **DENIED**. It is therefore,

ORDERED, ADJUDGED AND DECREED that Eric Ford shall be awarded death benefits until he attains the age of 18, or if at that time is enrolled as a full-time student in an accredited education institution, until the earliest of:

(1) the date he ceases, for a second consecutive semester, to be enrolled as a full-time student in an accredited educational institution;

(2) the date he attains the age of 25; or

(3) the date he dies.

This appeal followed.

## ANALYSIS

On appeal, TPCIGA argues that the "sole reason" for Eric's death benefits eligibility was his status as Darlington's dependent and that the court's judgment improperly interpreted section 408.183 of the Act and Commission rule 132.8. *See* Tex. Lab. Code Ann. § 408.183(e)(2)(b); 28 Tex. Admin. Code § 132.8(f)(2).

Morrison contends that the Act's specific definition of "child" includes a dependent stepchild such as Eric and applies whenever the term "child" appears in any subsequent provision. She then notes that TPCIGA stipulated that Eric was a minor at the time of Darlington's death. Therefore, she insists that the court correctly determined Eric's continued eligibility for death benefits as a minor child. *See* Tex. Lab. Code Ann. §§ 401.011(7) (West 2006);[4] 408.182(f)(1)

_____

[4] We cite the current section of the statute because there has not been any substantive change to it since suit was filed. *See* Act of May 12, 1993, 73d Leg., R.S., ch. 275, § 1, sec. 401.011(7),

(West 2006);[5] 408.183(c), (d); *City of Austin v. Southwestern Bell Tel. Co.*, 92 S.W.3d 434, 442 (Tex. 2002) (specific statutory definition controls over ordinary meaning of defined word).

**Standard of Review**

The record shows that the parties filed an agreed statement of facts and submitted this case to the county court at law "in accordance with Texas Rule of Civil Procedure 263." *See* Tex. R. Civ. P. 263. Because the parties filed an agreed statement containing "all the relevant facts of the case," the issue on appeal involves a question of law, and we review the trial court's judgment *de novo*. *C&G, Inc. v. Jones*, 165 S.W.3d 450, 453 (Tex. App.—Dallas 2005, pet. denied); *see also* Tex. R. Civ. P. 263. An agreed statement of facts under rule 263 is "similar to a special verdict; it is the parties' request for judgment under the applicable law." *C&G, Inc.*, 165 S.W.3d at 453 (quoting *State Farm Lloyds v. Kessler*, 932 S.W.2d 732, 735 (Tex. App.—Fort Worth 1996, writ denied)); *Abbott v. Blue Cross & Blue Shield of Tex., Inc.*, 113 S.W.3d 753, 757 (Tex. App.—Austin 2003, pet. denied). In these cases, the only issue on appeal is whether the trial court properly applied the law to the agreed facts. *C&G, Inc.*, 165 S.W.3d at 453 (quoting *Kessler*, 932 S.W.2d at 735); *Abbott*, 113 S.W.3d at 757. Stipulations in an agreed case are binding on the parties, the trial court, and the reviewing court. *Travelers Indem. Co. v. Starkey*, 157 S.W.3d 899, 904 (Tex. App.—Dallas 2005, pet. denied).

---

2003 Tex. Gen. Laws 987, 1131 (amended 2005) (current version at Tex. Lab. Code Ann. § 401.011(7) (West 2006)).

[5] We cite the current section of the statute because there has not been any substantive change to it since suit was filed. *See* Act of May 12, 1993, 73rd Leg., R.S., ch. 269, § 1, sec. 408.182(f)(1)(C), 1993 Tex. Gen. Laws 987, 1189 (amended 2005) (current version at Tex. Lab. Code Ann. § 408.182(f)(1)(C) (West 2006)).

Our review requires analysis of the provisions of the Act and the administrative code. The goal of statutory construction is to give effect to legislative intent. *Continental Cas. Co. v. Downs*, 81 S.W.3d 803, 805 (Tex. 2002). Unless a statute is ambiguous, we discern that intent from the language of the statute itself. *Id.*; *see also* Tex. Gov't Code Ann. § 311.011(a) (West 2005). Regardless of whether the statute is ambiguous, we may consider the object sought to be attained, the circumstances under which the statute was enacted, the legislative history, the common law or former statutory provisions, the consequences of a particular construction, the administrative construction of the statute, and the title (caption), preamble, and emergency provision. Tex. Gov't Code Ann. § 311.023 (West 2005). Further, we consider the statute as a whole, not its provisions in isolation. *Downs*, 81 S.W.3d at 805.

We construe administrative rules, which have the same force as statutes, in the same manner as statutes. *Rodriguez v. Service Lloyds Ins. Co.*, 997 S.W.2d 248, 254 (Tex. 1999). We must ensure that the agency has interpreted its rule in harmony with its enabling statute. *Continental Cas. Co. v. Rivera*, 124 S.W.3d 705, 710 (Tex. App.—Austin 2003, pet. denied).

**Child's Death Benefits Under Act and Commission Rules**

***"Child" and "Eligible Child"***

One's status as a child is a function of one's relationship to the parent, not one's age; under the Act, the term "child" includes a biological son or daughter, an adopted child, or a stepchild who was financially dependent[6] on the deceased employee. Tex. Lab. Code Ann. § 401.011(7).

---

[6] The term "dependent" is defined as "an individual who receives a regular or recurring economic benefit that contributes substantially to the individual's welfare and livelihood if the individual is eligible" for the distribution of death benefits. Tex. Lab. Code Ann. § 401.011(14)

However, an adult child is not eligible for death benefits unless she is a full-time student (up to the age of 25), or is disabled, or is still financially dependent on the parent for some other reason. *Id*. § 408.182(f)(1).

An "eligible child" is also defined in the Act:

(f) In this section:

(1) "Eligible child" means a child of a deceased employee if the child is:

(A) a minor;

(B) enrolled as a full-time student in an accredited educational institution and is less than 25 years of age; or

(C) a dependent of the deceased employee at the time of the employee's death.

*Id.* § 408.182(f)(1).

Because the definition of "child" in section 401.011(7) of the Act includes only a stepchild "who is a dependent of the employee," TPCIGA ignores the alternative definition of "eligible child" as a minor and argues that Eric is an "eligible child" solely because he was a dependent of Darlington. *Id.* §§ 401.011(7), 408.182(f)(1)(C). We disagree. As a "child" of Darlington, Eric was eligible for benefits because he was a minor.

Eric's classification as a "child," for purposes of the Act, was based on his status as Darlington's dependent stepchild; his eligibility for death benefits was not based on his being a dependent but on his being a minor. Eric is a "child" under section 401.011(7) because, according

_____

(West 2006).

7

to the stipulation, he was Darlington's dependent stepson. *See id.* § 401.011(7). There is nothing in section 408.182's plain language to suggest that a dependent stepchild, such as Eric, should be treated differently than any other "child" who is eligible for death benefits. In fact, the opposite is true. Section 408.182(f)(1) states that an "eligible child" is any "child" who is either a minor, a full-time student who is less than 25 years of age, or a dependent of the deceased employee at the time of the employee's death. *Id.* § 408.182(f)(1)(A)-(C). Section 408.182(f)(1) simply uses the statutorily defined term "child," and does not distinguish between an adopted child, a biological child, or a dependent stepchild. Any minor child's eligibility for benefits is governed by section 408.182(f)(1)(A). *Id.* On the other hand, the Act *does not* discriminate between the eligibility of a *minor* child and an adult child. A child who was no longer a minor on the date of an employee's death is not eligible for death benefits unless that child (1) is under 25 years of age and is enrolled as a full-time student at an accredited educational institution or (2) continued to be financially dependent as an adult based on a disability or for some other reason. *Id.*

It is suggested that a child may be considered an eligible child by simultaneously meeting more than one condition of eligibility under section 408.182(f)(1). However, it is unlikely that the legislature intended to render ineffective section 408.183 pertaining to the duration a child is to receive death benefits. *See* Tex. Gov't Code Ann. § 311.021(4) (West 2005) ("In enacting a statute, it is presumed that a result feasible of execution is intended."). The period of duration specified in section 408.183 varies based upon the reason for eligibility:

> (c) A child who is eligible for death benefits *because the child is a minor* on the date of the employee's death is entitled to receive benefits until the child attains the age of 18.

(d)  A child eligible for death benefits under Subsection (c) who at age 18 is enrolled as a full-time student in an accredited educational institution or a child who is eligible for death benefits because on the date of the employee's death the child is enrolled as a full-time student in an accredited educational institution is entitled to receive or to continue to receive, as appropriate, benefits until the earliest of:

   (1)  the date the child ceases, for a second consecutive semester, to be enrolled as a full-time student in an accredited educational institution;

   (2)  the date the child attains the age of 25; or

   (3)  the date the child dies.

(e)  A child who is eligible for death benefits *because the child is a dependent* of the deceased employee on the date of the employee's death is entitled to receive benefits until the earlier of:

   (1)  the date the child dies; or

   (2)  if the child is dependent:

      (A)  because the child is an individual with a physical or mental disability, the date the child no longer has the disability; or

      (B)  because of a reason other than a physical or mental disability, the date of the expiration of 364 weeks of death benefit payments.

*Id.* § 408.183 (c)-(e) (emphasis added).  If the three eligibility categories were overlapping rather than exclusive, it would be impossible to determine how long a child who is both a minor and a dependent would receive death benefits. *Compare id*. § 408.182(f)(1)(A) *with* § 408.182(f)(1)(C). No such confusion results if we interpret section 408.182(f)(1) as setting forth three exclusive sets of eligibility for death benefits. The first set includes *all* minor children. *See id*. § 408.182(f)(1)(A). The second set includes all non-minor children who are less than twenty-five years of age and enrolled as full-time students at accredited educational institutions. *See id*. § 408.182(f)(1)(B). The

9

third set consists of all children who were not minors but remained dependent on a deceased employee at the time of the employee's death. *See id*. § 408.182(f)(1)(C).

The Commission's rule pertaining to a child's eligibility to receive death benefits is consistent with this reading that the three sets of eligibility for a child are exclusive and do not overlap. *See* 28 Tex. Admin. Code § 132.4 (2006). The Texas Register reflects the Commission's intent because it contains notice of the rule when proposed, the Commission's explanation of the rule, and any response to public comment about the rule. *See Rodriguez*, 997 S.W.2d at 254. The preamble to Commission rule 132.4 in the Texas Register clarifies the intended meaning of the rule: "The new section [132.4] sets out how a person must prove that he or she was a child of the deceased worker, and that a child *who is not a minor, but a dependent*, full-time student, or handicapped child must also submit proof to receive death benefits." 15 Tex. Reg. 5005 (1990), *adopted* 15 Tex. Reg. 7023 (1990) (codified at 28 Tex. Admin. Code § 132.4) (emphasis added). The Commission's appeals panel also concluded, "An eligible child, pursuant to Act [section] 408.182(f), can fit into *one* of three categories: a minor, an under-25 student, or a dependent at the time of death." Texas Workers' Comp. Comm'n, No. 033232-s, 2004 TX Wrk. Comp. LEXIS 142, at *6 (January 29, 2004) (emphasis added).

We hold that the trial court did not err in concluding that Eric is a child who is eligible to receive death benefits because he was a minor.

### Duration of Death Benefits

TPCIGA insists that even as a minor Eric is only eligible for benefits because he was Darlington's dependent, and because he does not suffer from any physical or mental disability,

section 408.183(e)(2)(B) limits his death benefits to 364 weeks. Tex. Lab. Code Ann. § 408.183(e)(2)(B). TPCIGA relies on the decision of the Commission's appeals panel affirming the hearing officer's decision to support its reading of the statute. Texas Workers' Comp. Comm'n, No. 033232-s, 2004 TX Wrk. Comp. LEXIS 142, at *7-8. That panel cited its 1994 ruling that stepchildren who failed to prove their dependency status are not entitled to death benefits and its 2000 ruling that "a nonbiological or non-adoptive child of an injured worker may only recover benefits if that person is a dependent stepchild of the deceased." *Id*. at *4-6. The panel's 1994 and 2000 rulings simply held that a stepchild who did not carry his burden of establishing that he was a dependent was not a "child" and a party who is not a "child" is not eligible to receive death benefits under the Act. Tex. Lab. Code Ann. § 408.182(f)(1). In this case, however, it was stipulated that Eric was a dependent and the Commission does not dispute that he is a child under the Act. The issue here is not whether Eric is eligible to receive benefits but how long he is entitled to receive benefits. The 1994 and 2000 rulings do not support the panel's ruling that Eric was eligible for death benefits as a dependent, rather than as a minor child.

Under our construction of sections 408.182 and 408.183, Eric's status as Darlington's dependent is only relevant in determining his status as a child. As a child, he is "eligible" to receive benefits because he was a minor at the time of Darlington's death. There is nothing in the language of sections 408.182 and 408.183 to suggest that certain types of children, such as dependent stepchildren, are to be treated differently than other children. Accordingly, once it is established that Eric is a minor and a child, then he must be treated like any other minor child. The statute assumes that all minor children are dependent; every minor child's eligibility is governed by section 408.182(f)(1)(A), and the duration of his benefits is governed by section 408.183(c) and (d). Our

11

construction does not render section 408.183(e) meaningless, it merely limits its application to non-minor, dependent children.

Eric is eligible to receive death benefits because he is a child who was a minor on the date of Darlington's death. Accordingly, the trial court correctly applied section 408.183 when it determined that:

> Eric Ford shall be awarded death benefits until he attains the age of 18, or if at that time [he] is enrolled as a full-time student in an accredited education institution, until the earliest of:
>
> (1) the date he ceases, for a second consecutive semester, to be enrolled as a full-time student in an accredited educational institution;
>
> (2) the date he attains the age of 25; or
>
> (3) the date he dies.

*See id*. § 408.183(c)-(d).

## CONCLUSION

Having found that the county court at law correctly applied the law to the stipulated facts in this case, we affirm the judgment in Morrison's favor.

Jan P. Patterson, Justice

Before Justices B. A. Smith, Patterson and Puryear

Affirmed

Filed: May 12, 2006

12