**DOUBLE DIAMOND, INC., Appellant,**

v.

**HILCO ELECTRIC COOPERATIVE, INC., Appellee.**

No. 10–05–00264–CV.

Court of Appeals of Texas, Waco.

May 24, 2006.

---

Gregg Hill, Sims, Moore, Hill & Gannon LLP, Hillsboro, Michael Cosby, Pakis, Giotes, Page & Burleson PC, Waco, for appellant.

Martha McGregor, McGregor, McGregor & Carmichael Inc., Hillsboro, Carlos R. Soltero, Karen L. Watkins, McGinnis, Lochridge & Kilgore, Austin, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

The issue in this appeal is whether section 25.28 of the Rules of the Public Utility Commission of Texas restricts a utility's ability to collect for construction services that the utility furnished to a subdivision developer. 16 TEX. ADMIN. CODE § 25.28 (1999).

Hilco Electric Cooperative, Inc. sued Double Diamond, Inc. for charges related to electrical line extensions and other facilities that Hilco had constructed in Double Diamond's subdivision.[1] Jury findings favoring Hilco were returned, and the trial court entered judgment for $364,722.28, prejudgment interest, and attorney's fees. Double Diamond's sole issue on appeal is that section 25.28 bars Hilco from recovering for charges more than six months old as of September 1, 1999, the date Hilco ceased being regulated by the Public Utility Commission, which amounts to $198,511.71 of the amount awarded to Hilco for damages.[2]

---

1. This is the second appeal. For a more detailed description of the parties, the construction services provided by Hilco, the tariff, and the dispute, see *Double Diamond, Inc. v. Hilco Electric Cooperative, Inc.*, 127 S.W.3d 260 (Tex.App.-Waco 2003, no. pet.).

2. The thoughtful trial judge submitted the damages question to the jury in a way that allowed the exact amount of the damages in dispute in this anticipated appeal to be determined.

Double Diamond says that because Hilco was a regulated public utility during part of the time during which the construction was done (ending on September 1, 1999) and because section 25.28 imposes a six-month limit on "backbilling," Hilco cannot collect the amounts it charged for construction work prior to March 1, 1999, as a matter of law.[3]

Hilco contends, among other arguments, that section 25.28 does not cover charges made to a developer for construction of lines extending an electric utility's ability to provide electrical service, but was designed to limit the utility's ability to correct for underbilling for electricity provided to its customers or a failure to bill for electricity. In other words, it argues that charges for construction services provided to Double Diamond—not involving the actual providing of electricity—must be distinguished from bills to customers who were furnished electricity and were either not billed or underbilled for that electricity.

Our task is to interpret section 25.28.[4] We interpret administrative rules de novo in the same manner as codes/statutes. *Lewis v. Jacksonville Bldg. and Loan Ass'n*, 540 S.W.2d 307, 310 (Tex.1976); *Continental Cas. Co. v. Rivera*, 124 S.W.3d 705, 709 (Tex.App.-Austin 2003, pet. denied). Thus, when construing an administrative rule, the primary objective is to ascertain and give effect to the agency's intent. *See Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004) (citing *McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex.2003)). In discerning that intent, we begin with the "plain and common meaning of the [rule's] words." *City of Sunset Valley*, 146 S.W.3d at 642

(quoting *McIntyre*, 109 S.W.3d at 745). Even if the rule is unambiguous on its face, we can consider other factors to determine the agency's intent, including the object sought to be obtained, the circumstances and history of its adoption, the common law or current or former statutory provisions, and the consequences of a particular construction. *See Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex.2001); *see also City of Sunset Valley*, 146 S.W.3d at 642. Courts should give full effect to all of a rule's terms. *See St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex.1997). We must consider the rule as a whole, not just a single phrase, clause, or sentence thereof. *Continental Cas.*, 124 S.W.3d at 710 (citing *Southwestern Life Ins. Co. v. Montemayor*, 24 S.W.3d 581, 583 (Tex.App.-Austin 2000, pet. denied)).

When we review section 25.28 in the context of the rules of the Public Utility Commission, we find ourselves in agreement with Hilco's suggested interpretation. Thus, we hold that section 25.28 does not bar Hilco from collecting amounts it claims are due for construction services that were billed more than six months after the services were rendered. We overrule Double Diamond's sole issue and affirm the judgment.

---

**3.** Double Diamond characterizes section 25.28 as a "limitations" provision. Hilco contends otherwise. We do not reach that question.

**4.** We assume, and Hilco does not dispute, that Hilco was a regulated public utility under the Texas Utility Code prior to September 1, 1999.