IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00264-CV

 

Double Diamond, Inc.,

                                                                      Appellant

 v.

 

Hilco Electric Cooperative, Inc.,

                                                                      Appellee

 

 

 



From the 66th District Court

Hill County, Texas

Trial Court No. 38,319

 



O p i n i o n



 

The issue in this appeal is whether
section 25.28 of the Rules of the Public Utility Commission of Texas restricts
a utility’s ability to collect for construction services that the utility
furnished to a subdivision developer.  16 Tex.
Admin. Code  § 25.28 (1999).

            Hilco Electric Cooperative,
Inc. sued Double Diamond, Inc. for charges related to electrical line
extensions and other facilities that Hilco had constructed in Double Diamond’s
subdivision.[1] 
Jury findings favoring Hilco were returned, and the trial court entered
judgment for $364,722.28, prejudgment interest, and attorney’s fees.  Double
Diamond’s sole issue on appeal is that section 25.28 bars Hilco from recovering
for charges more than six months old as of September 1, 1999, the date Hilco
ceased being regulated by the Public Utility Commission, which amounts to
$198,511.71 of the amount awarded to Hilco for damages.[2]

            Double Diamond says that
because Hilco was a regulated public utility during part of the time during
which the construction was done (ending on September 1, 1999) and because
section 25.28 imposes a six-month limit on “backbilling,” Hilco cannot collect
the amounts it charged for construction work prior to March 1, 1999, as a
matter of law.[3]

            Hilco contends, among other
arguments, that section 25.28 does not cover charges made to a developer for
construction of lines extending an electric utility’s ability to provide
electrical service, but was designed to limit the utility’s ability to correct
for underbilling for electricity provided to its customers or a failure to bill
for electricity.  In other words, it argues that charges for construction
services provided to Double Diamond—not involving the actual providing of
electricity—must be distinguished from bills to customers who were furnished
electricity and were either not billed or underbilled for that electricity.  

            Our task is to interpret
section 25.28.[4] 
We interpret administrative rules de novo in the same manner as
codes/statutes.  Lewis v. Jacksonville Bldg. and Loan Ass’n, 540 S.W.2d
307, 310 (Tex. 1976); Continental Cas. Co. v. Rivera, 124 S.W.3d 705,
709 (Tex. App.—Austin 2003, pet. denied).  Thus, when construing an
administrative rule, the primary objective is to ascertain and give effect to
the agency’s intent.  See Tex. Dep't of Transp. v. City of Sunset Valley,
146 S.W.3d 637, 642 (Tex. 2004) (citing McIntyre v. Ramirez, 109 S.W.3d
741, 745 (Tex. 2003)).  In discerning that intent, we begin with the
"plain and common meaning of the [rule’s] words."  City of Sunset
Valley, 146 S.W.3d at 642 (quoting McIntyre, 109 S.W.3d at 745). 
Even if the rule is unambiguous on its face, we can consider other factors to
determine the agency’s intent, including the object sought to be obtained, the
circumstances and history of its adoption, the common law or current or former
statutory provisions, and the consequences of a particular construction.  See
Helena Chem. Co. v. Wilkins, 47 S.W.3d 486, 493 (Tex. 2001); see also
City of Sunset Valley, 146 S.W.3d at 642.  Courts should give full effect
to all of a rule's terms.  See St. Luke's Episcopal Hosp. v. Agbor, 952
S.W.2d 503, 505 (Tex. 1997).  We must consider the rule as a whole, not just a
single phrase, clause, or sentence thereof.  Continental Cas., 124
S.W.3d at 710 (citing Southwestern Life Ins. Co. v. Montemayor, 24
S.W.3d 581, 583 (Tex. App.—Austin 2000, pet. denied).

            When we review section
25.28 in the context of the rules of the Public Utility Commission, we find
ourselves in agreement with Hilco’s suggested interpretation.  Thus, we hold
that section 25.28 does not bar Hilco from collecting amounts it claims are due
for construction services that were billed more than six months after the
services were rendered.  We overrule Double Diamond’s sole issue and affirm the
judgment.

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed May 24, 2006

[CV06]








 









    [1]           This
is the second appeal.  For a more detailed description of the parties, the
construction services provided by Hilco, the tariff, and the dispute, see Double
Diamond, Inc. v. Hilco Electrical Cooperative, Inc., 127 S.W.3d 260 (Tex.
App.—Waco 2003, no. pet.).

 





    [2]           The
thoughtful trial judge submitted the damages question to the jury in a way that
allowed the exact amount of the damages in dispute in this anticipated appeal
to be determined.

 





    [3]           Double
Diamond characterizes section 25.28 as a “limitations” provision.  Hilco
contends otherwise.  We do not reach that question.





    [4]           We
assume, and Hilco does not dispute, that Hilco was a regulated public utility
under the Texas Utility Code prior to September 1, 1999.