# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00202-CV

**In re Waters at Northern Hills, LLC (d/b/a Waters at Northern Hills Apartments) and Lynn Communities, Inc.**

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Relators Waters at Northern Hills, LLC and Lynn Communities, Inc. filed a petition for writ of mandamus, seeking to compel the presiding administrative judge of the Travis County District Court to overturn the standing order on the use of electronic filing in certain cases (the "Standing Order").[1]  The relators also seek to compel the district clerk to refrain from applying the Standing Order and to accept documents filed in paper form.

As a preliminary matter, we lack mandamus authority over a district court clerk unless it is shown that issuance of the writ is necessary to enforce our jurisdiction. *See* Tex. Gov't Code Ann. § 22.221 (West 2004).  The relators have made no showing that the relief they seek is necessary to enforce this Court's jurisdiction. *See Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (relator seeking extraordinary relief has burden of establishing

---

[1]  The standing order is titled, "Travis County Order Designating Cases Where Filings are to be Electronically Filed and Electronically Served and Setting Forth Certain Requirements in Such Cases."

entitlement to relief requested). On that basis, we deny that portion of the petition requesting mandamus relief against the district clerk, and proceed to address the merits of the petition only as it relates to the presiding administrative judge.

The relators are named defendants in a suit filed in Travis County. After receiving notification that the suit was subject to mandatory electronic filing, the relators attempted to file their "Amended Motion to Transfer Venue and Original Answer Subject to the Motion to Transfer" in paper form.[2] The district clerk's office rejected the filing and returned it to the relators with instructions that it be electronically filed.

The Standing Order permits any party objecting to the filing requirements contained therein to "file a written objection within 30 days of the date of the order" and set the matter for a hearing before the presiding administrative judge to show cause why the electronic-filing requirement is unduly burdensome in that particular case. *See* Travis County (Tex.) Dist. Ct. Loc. R. 15.3. The relators filed a written objection and requested a show-cause hearing as contemplated by the Standing Order, stating that they wished to challenge the Standing Order on constitutional grounds. When invited by the trial court to schedule a show-cause hearing, however, the relators declined to do so, representing in a letter to the court that such a hearing would be "a moot exercise."

In their petition for writ of mandamus, the relators argue that by requiring litigants to file pleadings electronically, the Standing Order violates the open courts provision of the Texas

---

[2] The district clerk's office had previously accepted and filed relators' "Motion to Transfer Venue and Original Answer," despite the fact that it was filed in paper form. After filing this motion, however, the clerk's office notified the relators that all future pleadings would have to be filed electronically.

Constitution and exceeds the statutory authority of the district court. *See* Tex. Const. art. I, § 13. In particular, the relators take issue with the fact that the process of electronic filing requires litigants to pay fees of up to $4 per filing to private electronic-filing service providers.

The Standing Order expressly provides parties an opportunity to challenge the application of the electronic-filing requirement to their case by filing written objections and obtaining a show-cause hearing in the district court. While the relators did file written objections, they declined to pursue their remedies under the Standing Order by scheduling a show-cause hearing, despite being notified of their right to do so by the presiding administrative judge. Mandamus relief is not appropriate where there is another adequate remedy at law. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1990); *Continental Cas. Co. v. Rivera*, 124 S.W.3d 705, 713 (Tex. App.—Austin 2003, pet. denied) ("[M]andamus will not lie where a petitioner has another clear and effective remedy, adequate to obtain the relief to which he may be entitled."); *see also Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex. 1989) ("[E]xtraordinary writs issue only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." (internal quotation marks and citation omitted)). Because the relators failed to avail themselves of the remedies available under the Standing Order, they cannot show that they lack an adequate remedy with respect to the application of the electronic-filing requirement to their particular case.

To the extent the relators seek to challenge the constitutionality of the Standing Order as it applies to all litigants, a mandamus proceeding is not the appropriate vehicle for these claims. The relators have an adequate remedy at law in the form of a suit for declaratory and injunctive

3

relief. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.004(a) (West 2008). While the relators contend that this remedy is inadequate because they would be required to pay the challenged fees in order to file suit, the relators would also have the opportunity to challenge the imposition of fees in that particular case by filing objections and obtaining a show-cause hearing as permitted by the Standing Order.

Because the relators have not demonstrated that they lack an adequate remedy at law, they are not entitled to mandamus relief. *See Walker*, 827 S.W.2d at 840. As a result, the petition for writ of mandamus is denied. *See* Tex. R. App. P. 52.8(a).

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Filed:   July 22, 2011

4