TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00202-CV







In re Waters at Northern Hills, LLC (d/b/a Waters at Northern Hills Apartments) 

and Lynn Communities, Inc.







ORIGINAL PROCEEDING FROM TRAVIS COUNTY





M E M O R A N D U M O P I N I O N


 Relators Waters at Northern Hills, LLC and Lynn Communities, Inc. filed a petition
for writ of mandamus, seeking to compel the presiding administrative judge of the Travis County
District Court to overturn the standing order on the use of electronic filing in certain cases (the
"Standing Order"). (1) The relators also seek to compel the district clerk to refrain from applying the
Standing Order and to accept documents filed in paper form.

 As a preliminary matter, we lack mandamus authority over a district court clerk unless
it is shown that issuance of the writ is necessary to enforce our jurisdiction. See Tex. Gov't Code
Ann. § 22.221 (West 2004). The relators have made no showing that the relief they seek is necessary
to enforce this Court's jurisdiction. See Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.--Houston
[1st Dist.] 1992, orig. proceeding) (relator seeking extraordinary relief has burden of establishing
entitlement to relief requested). On that basis, we deny that portion of the petition requesting
mandamus relief against the district clerk, and proceed to address the merits of the petition only as
it relates to the presiding administrative judge.

 The relators are named defendants in a suit filed in Travis County. After receiving
notification that the suit was subject to mandatory electronic filing, the relators attempted to file their
"Amended Motion to Transfer Venue and Original Answer Subject to the Motion to Transfer" in
paper form. (2) The district clerk's office rejected the filing and returned it to the relators with
instructions that it be electronically filed.

 The Standing Order permits any party objecting to the filing requirements contained
therein to "file a written objection within 30 days of the date of the order" and set the matter for a
hearing before the presiding administrative judge to show cause why the electronic-filing
requirement is unduly burdensome in that particular case. See Travis County (Tex.) Dist. Ct. Loc.
R. 15.3. The relators filed a written objection and requested a show-cause hearing as contemplated
by the Standing Order, stating that they wished to challenge the Standing Order on constitutional
grounds. When invited by the trial court to schedule a show-cause hearing, however, the relators
declined to do so, representing in a letter to the court that such a hearing would be "a moot exercise." 

 In their petition for writ of mandamus, the relators argue that by requiring litigants
to file pleadings electronically, the Standing Order violates the open courts provision of the Texas
Constitution and exceeds the statutory authority of the district court. See Tex. Const. art. I, § 13. 
In particular, the relators take issue with the fact that the process of electronic filing requires litigants
to pay fees of up to $4 per filing to private electronic-filing service providers.

 The Standing Order expressly provides parties an opportunity to challenge the
application of the electronic-filing requirement to their case by filing written objections and
obtaining a show-cause hearing in the district court. While the relators did file written objections,
they declined to pursue their remedies under the Standing Order by scheduling a show-cause hearing,
despite being notified of their right to do so by the presiding administrative judge. Mandamus relief
is not appropriate where there is another adequate remedy at law. See Walker v. Packer, 827 S.W.2d
833, 840 (Tex. 1990); Continental Cas. Co. v. Rivera, 124 S.W.3d 705, 713 (Tex. App.--Austin
2003, pet. denied) ("[M]andamus will not lie where a petitioner has another clear and effective
remedy, adequate to obtain the relief to which he may be entitled."); see also Holloway v. Fifth Court
of Appeals, 767 S.W.2d 680, 684 (Tex. 1989) ("[E]xtraordinary writs issue only in situations
involving manifest and urgent necessity and not for grievances that may be addressed by other
remedies." (internal quotation marks and citation omitted)). Because the relators failed to avail
themselves of the remedies available under the Standing Order, they cannot show that they lack
an adequate remedy with respect to the application of the electronic-filing requirement to their
particular case. 

 To the extent the relators seek to challenge the constitutionality of the Standing Order
as it applies to all litigants, a mandamus proceeding is not the appropriate vehicle for these claims. 
The relators have an adequate remedy at law in the form of a suit for declaratory and injunctive
relief. See Tex. Civ. Prac. & Rem. Code Ann. § 37.004(a) (West 2008). While the relators contend
that this remedy is inadequate because they would be required to pay the challenged fees in order to
file suit, the relators would also have the opportunity to challenge the imposition of fees in that
particular case by filing objections and obtaining a show-cause hearing as permitted by the
Standing Order. Because the relators have not demonstrated that they lack an adequate remedy at law,
they are not entitled to mandamus relief. See Walker, 827 S.W.2d at 840. As a result, the petition
for writ of mandamus is denied. See Tex. R. App. P. 52.8(a). 

 


 ___________________________________________

 Diane M. Henson, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Filed: July 22, 2011


1. The standing order is titled, "Travis County Order Designating Cases Where Filings are
to be Electronically Filed and Electronically Served and Setting Forth Certain Requirements in Such
Cases."
2. The district clerk's office had previously accepted and filed relators' "Motion to Transfer
Venue and Original Answer," despite the fact that it was filed in paper form. After filing this
motion, however, the clerk's office notified the relators that all future pleadings would have to be
filed electronically.