COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| TOMAS GALINDO, | § | No. 08-10-00351-CV |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | |
| | § | 205th Judicial District Court |
| YSLETA INDEPENDENT SCHOOL DISTRICT, | § | of El Paso County, Texas |
| Appellee. | § | |
| | § | (TC#2007-5601) |

## **O P I N I O N**

Tomas Galindo appeals the summary judgment granted in favor of his employer, Ysleta Independent School District (YISD). In two issues on appeal, Appellant contends that the trial court erred in affirming the Texas Department of Insurance – Workers' Compensation Division's (TDI-DWC) ruling that he was not entitled to receive temporary income benefits (TIB) because the donated sick leave and catastrophic leave payments he received constituted post-injury earnings (PIE) under Title 28, § 129.2 of the Texas Administrative Code (Rule 129.2).[1] 28 TEX. ADMIN. CODE § 129.2 (West 1999). We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2002, Appellant sustained an injury at work and despite his injury continued to work until March 2004. In March 2004, and again in August 2005, Appellant missed work due to his 2002 injury and in both years he filed for TIB from YISD, a self-insured workers' compensation

---

[1] TIB compensate an injured employee for lost wages during the time of the compensable disability. 28 TEX. ADMIN. CODE § 129.2(a). An employee's lost wages are calculated by taking the difference between his gross average weekly wage (AWW) and his PIE. 28 TEX. ADMIN. CODE § 129.2(b). If the employee's PIE equals or is greater than the employees AWW, he has no lost wages. *Id*.

carrier.   YISD denied both his 2004 and 2005 TIB claims.   In order to receive income during his absences from work, Appellant applied to receive benefits from YISD's donated sick leave program in 2004 and its catastrophic leave bank in 2005.   Appellant received donated sick leave benefits in 2004 and catastrophic leave benefits in 2005.

In 2006, the TDI-DWC determined that Appellant was injured while in the course and scope of his employment in 2002.   A workers' compensation contested case hearing was held in 2007 to determine whether Appellant suffered a disability in 2004 and 2005 as a result of his 2002 work-related injury and to determine whether the donated sick and catastrophic leave payments received by Appellant constituted PIE under Rule 129.2.   The hearing officer found that:   (1) Appellant suffered from a disability in 2004 and 2005 due to his 2002 compensable injury; (2) Appellant voluntarily elected to use his donated sick leave and catastrophic leave benefits and received his full wages during the periods of his disability; and (3) the donated sick leave and catastrophic leave benefit payments received by Appellant constituted PIE under Rule 129.2 and as such Appellant was not entitled to TIB, but remained entitled to medical benefits for his compensable injury.

After exhausting his administrative remedies, Appellant filed suit for judicial review. YISD moved for a traditional summary judgment on the grounds that there was no genuine issue of material fact as to whether the TDI-DWC erred in its determination that sick leave and catastrophic leave are PIE.   Appellant appeals from the trial court's grant of YISD's motion for summary judgment.

## DISCUSSION

In two issues on appeal, Appellant contends that the trial court erred in granting summary

2

judgment in favor of YISD because he produced at least a scintilla of evidence showing that: (1) he did not voluntarily elect to use the donated sick leave and catastrophic leave benefits during the periods of his disability; and (2) the donated sick leave and catastrophic leave benefits he received were not PIE pursuant to Rule 129.2. 28 TEX. ADMIN. CODE § 129.2.

### *Standard of Review*

The standard of review for a traditional motion for summary judgment is well established. *See* TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 548-49 (Tex. 1985). A traditional motion for summary judgment is reviewed *de novo*. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). To succeed on a traditional summary judgment motion, YISD must demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005). If YISD establishes that there is no genuine issue of material fact, the burden shifts to Appellant to show a genuine issue of material fact. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979). On review, we will accept as true all competent evidence favorable to Appellant, indulge every reasonable inference, and resolve any doubts in Appellant's favor. *See Southwestern Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002).

On review, we must give great deference to TDI-DWC's interpretation of its own rules and we narrow our review to determine whether the TDI-DWC's interpretation of Rule 129.2 is plainly erroneous or inconsistent with the rule. *Pub. Util. Comm'n of Tex. v. Gulf States Util.*, 809 S.W.2d 201, 207 (Tex. 1991); *Continental Cas. Co. v. Rivera*, 124 S.W.3d 705, 710 (Tex. App. – Austin 2003, pet. denied).

*Analysis*

**Voluntariness of Appellant's Election to Use Leave Benefits**

In Issue One, Appellant contends that the trial court erred in granting summary judgment to YISD because at least a scintilla of evidence established that his use of donated sick leave and catastrophic leave benefits was not voluntary use as required by Rule 129.2. Rule 129.2 defines PIE in relevant part as "the value of any full days of accrued sick leave or accrued annual leave that the employee has voluntarily elected to use after the date of injury." 28 TEX. ADMIN. CODE § 129.2(c)(4). Conversely, Rule 129.2(d)(2) states that PIE shall not include "any accrued sick leave or accrued annual leave that the employee did not voluntarily elect to use." 28 TEX. ADMIN. CODE § 129.2(d)(2).

Citing Rules 129.2(c)(4) and (d)(2) of the Texas Administrative Code, Appellant argues that he did not voluntarily elect to use donated sick leave or catastrophic leave because during the periods of his disability, YISD denied him TIB, and as such, he had no other option but to use those leave benefits; otherwise, he would have no source of income. In his affidavit in response to YISD's summary judgment motion, Appellant stated that, "Economically, I had no choice but to accept leave benefits."

In response, YISD argued that Appellant's election to use donated sick leave and catastrophic leave benefits was voluntary because the election was Appellant's decision alone although motivated by his financial situation. At his deposition, Appellant testified that his supervisor informed him of YISD's sick leave donation program and told him that he would have to go to YISD's central office and apply to see if he qualified for the program. Appellant further testified that he was not threatened by physical force or a show of police authority when he signed

4

up for the sick leave donation program. Similarly, when questioned about his decision to apply to receive benefits from the catastrophic leave bank, Appellant testified that the decision to apply was left up to the individual, and that no one forced him to sign up for the catastrophic leave benefits. Appellant further explained that the catastrophic leave benefits were something he had to secure himself because YISD had disputed his compensable injury and he needed money to maintain a living.

None of Appellant's arguments demonstrates the existence of a genuine issue of material fact on the issue of whether Appellant voluntarily chose to use his donated sick leave and catastrophic leave benefits. *Clear Creek Basin Auth.*, 589 S.W.2d at 678-79. In fact, Appellant admits that no one forced him to sign up for either benefit leave program and explains that it was his financial situation that made him decide to use the donated sick leave and catastrophic leave benefits available to him. The record shows that Appellant's decision was an economic one based on the fact that he no longer had any leave available to use at the time and because YISD denied his 2004 and 2005 TIB claims. Because Appellant failed to raise a genuine issue of material fact as to the voluntariness of his election to use his donated sick leave and catastrophic leave benefits, we hold that the trial court did not err in granting summary judgment in favor of YISD. *Clear Creek Basin Auth.*, 589 S.W.2d at 678-79. Issue One is overruled.

## Meaning of the Term "Accrued" Under § 129.2(c)(4)

In Issue Two, Appellant asserts that the trial court erred in granting summary judgment to YISD because at least a scintilla of evidence established that the donated sick leave and catastrophic leave benefits received by him were not properly characterized as PIE because the leave benefits were not "earned" or "accrued" sick or annual leave as set forth in Rule 129.2.

5

Rule 129.2 concerns an injured employee's entitlement to TIB. *Id.* In relevant part, Rule 129.2(c)(4) provides that PIE shall include, but not be limited to "the value of any full days of accrued sick leave or accrued annual leave that the employee has voluntarily elected to use after the date of injury." 28 TEX. ADMIN. CODE § 129.2(c)(4). The statute does not define the terms "accrued sick leave" or "accrued annual leave" nor does it mention how the leave has to be accrued or require that the leave be accrued by the employee personally. It merely provides that PIE be accrued sick or annual leave that is used voluntarily. *Id.*

Appellant contends that his donated sick leave and catastrophic leave benefits were not "earned" or "accrued" sick or annual leave as required by Rule 129.2(c)(4) because the benefits included: (1) donated sick leave from other employees; and (2) catastrophic leave he purchased. In essence, Appellant argues that the benefits he received were not "accrued" leave because they were not earned by him personally and they were not connected to his employment. YISD argues that the donated sick leave and catastrophic leave benefits it paid to Appellant constitute PIE because the donated sick leave benefits are "accrued" sick leave as required by Rule 129.2.

YISD's leave policy states that the purpose of its Special "Life Threatening Illness" Plan is to "establish procedures and requirements under which the unused accrued local leave of a full-time employee may be contributed to a designated full-time employee who needs such leave because of a life threatening illness." "Local leave" is a leave program for YISD employees through which they can elect to use leave for personal illness, the death or illness of an immediate family member, and other defined situations. The policy further clarifies that the only way YISD employees can make a contribution to other employees through this plan is by donating their unused, accumulated sick leave.

6

YISD's leave policy also states that the purpose of its catastrophic leave bank is "to provide sick leave to contributors to the bank after their accumulated sick leave has been exhausted and more specifically, to provide such leave from the bank in the case of a catastrophic illness . . . of the employee . . . ." The catastrophic leave bank is a voluntary program available to full-time YISD employees who have at least one day of accumulated sick leave. An employee wishing to participate in the catastrophic leave bank must contribute one day of accumulated local leave to the bank. At his deposition, Appellant agreed that he contributed one day of accumulated local leave to the catastrophic leave bank in January 2005 just in case of an emergency. He also testified that signing up for the catastrophic leave bank was left up to the individual and was an option program available to employees.

Based on the record presented, it is undisputed that Appellant could only have received donated sick leave benefits in 2004 from YISD's Special Life Threatening Illness Plan if the donated leave was unused and accrued. Similarly, the evidence shows that Appellant could only have used and received catastrophic sick leave benefits in 2005 by contributing one day of his accumulated sick leave to the catastrophic leave bank. Therefore, Appellant's argument that the benefits are not accrued leave because they are not tied to his employment is meritless because Appellant's eligibility to participate in and benefit from YISD's donated sick leave and catastrophic leave plans arise only because of his status as a YISD employee.

Accordingly, the donated sick leave and catastrophic leave payments made to Appellant were properly found to constitute accrued sick leave under Rule 129.2. *See* 28 TEX. ADMIN. CODE § 129.2(c)(4). Appellant only could have participated and received donated sick leave under YISD's leave policy by virtue of the donated sick leave benefits being unused and accrued

7

sick leave of another YISD employee. Likewise, Appellant was only eligible to receive catastrophic leave benefits because he chose to donate one day of his unused, accrued sick leave to the catastrophic leave bank.

Giving deference to TDI-DWC's interpretation of its own rule, we conclude that its determination that donated sick leave and catastrophic leave benefits are PIE was not plainly erroneous or inconsistent with rules of the Texas Administrative Code. *See* 28 TEX. ADMIN. CODE § 129.2; *Gulf States Util.*, 809 S.W.2d at 207; *Rivera*, 124 S.W.3d at 710. Consequently, the trial court did not err in granting summary judgment for YISD on the ground that the donated sick leave benefits and catastrophic leave benefits constitute PIE under Rule 129.2. 28 TEX. ADMIN. CODE § 129.2(c)(4). Issue Two is overruled.

## CONCLUSION

We affirm the trial court's judgment.


GUADALUPE RIVERA, Justice

August 22, 2012

Before McClure, C.J., Rivera, J., and Antcliff, J.

8